**Elizabeth ROBERSON, Appellant,**

v.

**Dr. Dennis J. FACTOR, et al., Appellees.**

No. 19843.

Court of Civil Appeals of Texas, Dallas.

May 21, 1979.

Rehearing Denied July 10, 1979.

John H. Holloway, Houston, for appellant.

C. A. Searcy Miller, Ray, Anderson, Shields, Trotti & Hemphill, Royal H. Brin, Jr., Strasburger & Price, James H. Holmes, III, Burford & Ryburn, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellant, Elizabeth Roberson, was hospitalized in appellee Baylor Hospital in July 1975, and underwent surgery on an enlarged ovary by appellees Dr. Dennis Factor and Dr. Michael Putman on August 1. She sued both doctors and the hospital claiming negligence in this operation resulting in injury to her pubic bone. From an instructed verdict granted in favor of all appellees, appellant appeals on the grounds that the instructed verdict was error because there was evidence of negligence and proximate cause and that the doctrine of res ipsa loquitur should have been applied to the case. She also complains of the exclusion of certain medical testimony. We affirm on the grounds that res ipsa loquitur does not apply and, in the absence of that doctrine, there is no evidence of negligence in the record.

Although appellant has had several medical problems in the past, she asserts she never had any pain in the pubic area before this operation. She complained of pain in her stomach before seeing Dr. Factor. Immediately after the surgery, she began experiencing severe and incapacitating pubic pain and is still experiencing this pain. She does not remember any event in the hospital, such as being dropped, that could have caused the injury. The surgery itself was confined to an area at least two or three inches above the pubic bone.

In considering this appeal from an instructed verdict we must accept the evidence supporting appellant's allegations as true. All inferences from the evidence must be drawn in favor of appellant's cause of action and all conflicts drawn in favor of appellant. *Williford v. Banowsky*, 563 S.W.2d 702, 704 (Tex.Civ.App.-Eastland 1978, writ ref'd n.r.e.).

We first consider the applicability of res ipsa loquitur to this case. The doctrine of res ipsa loquitur will imply negligence in situations where (1) the character of the accident and the circumstances surrounding it lead to the conclusion that it would not occur in the absence of negli-

gence, and (2) the injury is caused by some instrumentality or agency within defendant's exclusive control. *Honea v. Coca Cola Bottling Co.*, 143 Tex. 272, 183 S.W.2d 968, 969 (1944). Texas courts, however, have allowed the doctrine in malpractice actions only in very limited circumstances, primarily because expert testimony is usually required to prove these cases. The doctrine has been allowed in Texas where the negligence is obvious to a layman. *Hunter v. Robison*, 488 S.W.2d 555, 560 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.). Examples include when the negligence alleged is in the use of mechanical instruments, operating on the wrong part of the body, or leaving surgical instruments or sponges within the body. *Williford v. Banowsky*, 563 S.W.2d 702, 705 (Tex.Civ.App.-Eastland 1978, writ ref'd n.r.e.).

Appellant contends the doctrine should apply because she was unconscious, the instrumentalities used were under the control of appellees during the alleged negligence, and part of the body not involved in the surgery was injured. We disagree because the testimony of the medical witnesses establishes that the cause of plaintiff's condition is unknown. Possible causes include trauma, cutting off the blood supply to the bone, hormone imbalance, infection, or the condition could be a congenital or birth defect. One medical witness testified the condition had existed at least six months to a year before he examined x-rays taken approximately three months after the operation.

This is not the type of injury which is within the common knowledge of a layman. In fact, it is not certain if plaintiff's condition is an injury or caused by an injury. Clearly, the record does not show that this condition would not have occurred in the absence of negligence. Consequently, we hold that res ipsa loquitur does not apply.

Appellant's medical witnesses testified that the negligent use of the retractor, dropping objects on the plaintiff, or dropping the plaintiff herself, *could* cause the condition. This speculation does not give rise to res ipsa loquitur. An inference

cannot rest upon an inferred fact, but facts upon which an inference rests must be raised by direct evidence. *Pekar v. St. Luke's Episcopal Hospital*, 570 S.W.2d 147, 150 (Tex.Civ.App.-Waco 1978, writ ref'd n.r. e.). We have no such evidence. As in *Pekar*, "[i]n this case no act or failure to act has been proved as to any defendant or their employees. The evidence shows that plaintiff's injuries could have occurred from causes other than defendant's acts or omissions, and such have not been negated."

■ Appellant's next points relate to evidence on the negligence and proximate cause issues. We cannot find any evidence in the record that any negligent act or omission occurred during appellant's surgery. Because we hold there is no evidence of any negligence on the part of any of the defendants, we do not reach the proximate cause point.

■ The last point of error concerns the exclusion of testimony by Dr. Robert Finks, the appellant's grandfather. The testimony was objected to on the grounds that the witness was not qualified. Whether a witness qualifies as an expert is a matter of judicial discretion. *Standard Motor Co. v. Blood*, 380 S.W.2d 651, 653 (Tex. Civ.App.-Houston 1964, no writ). Dr. Finks was a retired physician who limited his practice to pediatrics. He admitted he knew little about gynecological matters and did not know "the incidence of injuries following this type of surgery." We hold the exclusion of testimony by Dr. Finks was not an abuse of discretion. *Wilson v. Scott*, 412 S.W.2d 299, 303–304 (Tex.1967).

Affirmed.