Joyce DUNCAN, Appellant,

v.

John HORNING, D. D. S., Appellee.

No. 19918.

Court of Civil Appeals of Texas, Dallas.

Aug. 7, 1979.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

John H. Martin, Thompson & Knight, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

This is an appeal from a summary judgment granted in a dental malpractice suit. The primary question is whether the affidavit of an expert witness who is a party to the suit may constitute sufficient proof to support summary judgment. We hold that it can. We also conclude that plaintiff's controverting affidavits are not sufficient to raise a fact issue; and that her answers to interrogatories may not be used by her to raise a fact question. Accordingly, we affirm.

Plaintiff sued the defendant, a dentist who had been treating her for about seven years, alleging eight grounds of negligence: (1) he failed to properly diagnose her tooth and jaw prior to extraction; (2) he failed to obtain a medical history; (3) he failed to use clean instruments; (4) he administered excessive anesthetics; (5) he failed to properly treat the wound after extraction; (6) he pulled an infected tooth; (7) he failed to offer her alternatives to extraction; and (8) he failed to properly care for her teeth during the years of treatment. Defendant answered and propounded interrogatories to plaintiff. Among those interrogatories was a series of questions inquiring about plaintiff's expert witness or witnesses. Plaintiff's answers revealed that she had no expert testimony to offer, whereupon defendant filed his motion for summary judgment accompanied by his supporting affidavit. On the day before the summary judgment hearing, plaintiff filed controverting affidavits, one signed by her and one signed by Dr. Glenn Clark. The trial court, after considering the summary judgment record, granted defendant's motion.

The first question is whether an interested expert witness, the defendant in a malpractice case, can obtain summary judgment based solely on his uncontroverted testimonial evidence. We have concluded that he can. Rule 166–A(c), as amended effective January 1, 1978, provides in part:

A summary judgment may be based on uncontroverted testimonial evidence of an *interested witness,* or of an *expert witness* as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. [Emphasis added].

Prior to the 1978 amendment, the rule did not expressly authorize the consideration of either the testimonial evidence of an interested witness or the opinion of an expert in support of a motion for summary judgment. The supreme court's construction of the rule, however, had authorized use of the interested witness' evidence, under certain conditions, while denying that a summary judgment could be based on expert opinion testimony under any conditions. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970); *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). The conditions authorizing consideration of the interested witness' testimony as set out in *Great American Reserve Insurance Co.* are that it be uncontradicted, clear, direct and positive, free of circumstances tending to discredit or impeach, and readily controverted. These are the tests which our courts have traditionally applied to an interested witness' testimony, whether in summary judgment proceedings or in jury or non-jury trials, involving the question of whether a fact is established or negated as a matter of law. *Great American Reserve Insurance Co., supra; Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19, 20 (Tex.1963); *Taylor and Son, Inc. v. Arlington Independent School District,* 160 Tex. 617, 335 S.W.2d 371, 376 (1960); *Owen Development Co. v. Calvert,* 157 Tex. 212, 302 S.W.2d 640, 642 (1957); *McGuire v. City of Dallas,* 141 Tex. 170, 170 S.W.2d 722, 728 (1943); *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 136 S.W.2d 207, 208 (1940). The amended rule express-

ly provides for the consideration of both types of testimony in support of a motion for summary judgment and places the same conditions upon their use. Additionally, the expert opinion is limited to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of an expert.

■ We find nothing in the language of the amended rule which prohibits an interested witness from giving an expert opinion. Because the supreme court was considering both types of testimonial evidence at the same time for inclusion in the rule, we must conclude that it intended the opinion of an interested expert to be competent summary judgment proof; otherwise the amendment would have contained an express prohibition. The question then is whether the affidavit in this case meets the tests required by the rule.

■ The defendant's affidavit sets out his qualifications, describes the services he performed for plaintiff, states that he acted in accordance with the standard of care prevalent in Dallas County, specifically denies each of the allegations of negligence contained in plaintiff's petition and states the opinion based upon a reasonable degree of dental probability, that no act or omission on his part caused any damage to plaintiff. The evidence furnished by the affidavit is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and the subject matter is such that the trier of fact must be guided solely by the opinion testimony of an expert. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965); *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 782 (1949).

The remaining test required by Rule 166–A(c) is whether the defendant's testimonial evidence "could have been readily controverted." Plaintiff made no complaint to the trial court that she was unable to controvert. We believe the better practice would require plaintiff to make such a complaint under subdivision (f) of Rule 166–A; [1]

---

1. Subdivision (f) provides: Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his

however, the Supreme Court has never placed this burden upon a non-movant, but instead has made its own determination from the record before it. *See Great American*, 391 S.W.2d at 47; *Kinsel*, 369 S.W.2d at 20; *Arlington*, 335 S.W.2d at 376; *Calvert*, 302 S.W.2d at 642; *McGuire*, 170 S.W.2d at 728; *Simonds*, 136 S.W.2d at 208. Further, the court has never defined "readily controverted." There is some authority for the proposition that it means only the *opportunity* to controvert. (*See Simonds*, 136 S.W.2d at 208 where the court said the opposing party had the opportunity because he took the witness' deposition prior to trial). The weight of authority seems to be, however, that there must not only be the opportunity to controvert, but also the testimony must be such that it is *susceptible* of controverting. See *Great American, supra; Kinsel, supra; See also Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex.1978). Plaintiff in this case had the opportunity to controvert as demonstrated by her filing of Dr. Clark's affidavit. Also, defendant's testimonial evidence was susceptible of controverting. However, Dr. Clark was apparently not furnished with sufficient discoverable information about defendant's records, procedures and treatment to express a specific opinion; but instead, for lack of sufficient information, was able to make only the general statements found in his affidavit. We conclude that in this case, the statements in defendant's affidavit could have been readily controverted, and, therefore are sufficient to negate a fact issue unless controverting summary judgment proof is presented. Consequently, we must consider whether plaintiff's summary judgment proof raises a fact issue.

 Plaintiff's personal controverting affidavit is insufficient to raise a fact issue because she makes medical conclusions about defendant's medical treatment and standard of care which she is not qualified to make. Mere conclusions of a lay witness are not competent evidence and therefore cannot be considered for the purpose of controverting expert opinion evidence. Tex.R.Civ.P. 166–A(e); *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965); *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949). The testimonial evidence offered by Dr. Glenn Clark, plaintiff's expert witness, is also insufficient. His affidavit addresses in general terms only two of the acts alleged by plaintiff to constitute negligence. His opinion was that the general dentistry work received by plaintiff over the past few years would probably not meet the average standards because several teeth were extracted without replacement of prosthesis and several large fillings had massive overhangs. Neither of these acts or omissions were attributed to the work done by defendant, and the record shows that defendant extracted only one tooth; and, further, that other dentists had performed general dentistry work for plaintiff. Dr. Clark also stated that a proper standard of care prior to extraction would be to inform a patient of possible alternatives. These alternatives, according to the affidavit of Dr. Clark, were immediate extraction or the performance of a root canal. While there is some evidence that the defendant failed to offer alternatives to plaintiff, there is no evidence that defendant was negligent in his choice of one of the alternatives, or that there was any causal connection between his failure to advise of the alternative and the injury allegedly sustained by plaintiff. The affidavit of Dr. Clark contains no statement that in reasonable medical probability there was any causal connection between any act or omission on the part of the defendant and plaintiff's alleged injury. Plaintiff must show that the diagnosis or treatment complained of was performed in a negligent manner and that such negligence was the proximate cause of her injuries. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949).

 Plaintiff further contends that the two controverting affidavits together with

opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or deposi-

tions to be taken or discovery to be had or may make such other order as is just.

her answers to defendant's written interrogatories are sufficient to controvert defendant's motion for summary judgment. Tex.R.Civ.P. 168 provides that answers to interrogatories can be used only against the party filing answers. *See Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 102 (Tex. Civ.App.—Dallas 1975, no writ). Plaintiff argues that because defendant relied on the interrogatories as part of his summary judgment proof, the court should consider them as a part of plaintiff's opposing summary judgment proof as well, relying upon *General Plywood Corp. v. Collins*, 414 S.W.2d 224 (Tex.Civ.App.—Amarillo 1967, no writ). Plaintiff's reliance on *General Plywood Corp.* is misplaced. In that case, the court considered the opposing party's answer as part of the summary judgment proof and concluded that the answers were insufficient to show absence of a fact issue. That case does not stand for the proposition plaintiff suggests, and we therefore do not consider plaintiff's answers to interrogatories as part of her response to the motion for summary judgment.

Because we conclude that plaintiff's affidavits are insufficient and that the interrogatories may not be considered in determining whether a fact issue exists, it follows that the trial court properly granted defendant's motion for summary judgment.

Affirmed.