**Mrs. Aleda A. MILKIE, Indiv. and as Representative, Appellant,**

v.

**Fouad N. METNI, M.D., Appellee.**

**No. 05–82–00601–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 10, 1983.
Rehearing Denied Sept. 28, 1983.

John Gano, Gano & Houssiere, P.D., Houston, for appellant.

George C. Chapman and Thompson & Knight, Dallas, for appellee.

STEWART, Justice.

This is an appeal from a summary judgment granted in a medical malpractice suit. Aleda Milkie sued Dr. Metni, a thoracic and cardiovascular surgeon, under the wrongful death and survival statutes of Texas for improper treatment of Sam Milkie, deceased husband of Aleda Milkie. Dr. Metni performed coronary bypass surgery on Sam Milkie on February 25, 1977, after which Sam Milkie suffered a stroke, went into a coma and died on March 19, 1977. On appeal, Milkie contends that Dr. Metni was negligent, not in .the performance of surgery or in the post-operative care, but in choosing a course of surgical, as distinguished from medical, treatment.

Milkie asserts error because before ruling on Dr. Metni's Motion for Summary Judgment, the trial court found that Dr. Barkman, Milkie's only medical witness, was not competent to testify as an expert witness in the case. We find no error in the trial court's ruling.

Whether a witness qualifies as an expert is a matter of judicial discretion. *Roberson v. Factor*, 583 S.W.2d 818, 821 (Tex.Civ.App.—Dallas 1979, writ ref'd. n.r. e.). The trial court's determination of whether to admit the testimony of an expert will not be disturbed on appeal unless a clear abuse of discretion is shown. *Wilson v. Scott*, 412 S.W.2d 299 (Tex.1967); *Air Shields, Inc. v. Spears*, 590 S.W.2d 574, 579 (Tex.Civ.App.—Waco 1979, writ ref'd. n.r. e.). The party offering an expert witness has the burden of establishing his qualifications. "The person offered must possess special knowledge as to the very matter on which he proposes to give an opinion." 2 C. McCormack & R. Ray, Texas Law of Evidence, § 1401 (Texas Practice 3d ed. 1980).

The issue here is whether Dr. Metni's decision to perform bypass surgery, as opposed to treatment by medication, was negligence. A witness must necessarily be knowledgeable about both types of treatment to express an opinion as to whether surgery was the proper form of treatment under the circumstances. Dr. Barkman's own testimony showed that he did not have the requisite knowledge of both alternatives, nor did he have knowledge of the circumstances existing at the time Dr. Metni's decision was made.

Dr. Barkman was a semi-retired medical doctor, 82 years of age, who had not done surgery in years and had never performed heart surgery. He had no past experience in treatment of coronary disease. Although Dr. Barkman had been Sam Milkie's friend and family physician since the early 1960's, he had never given Sam Milkie a physical examination, having treated him only for colds, flu, allergies and weight reduction. Dr. Barkman referred all his cardiac patients to a cardiologist for treatment, as he did Sam Milkie when he complained of chest pain 8 days before the surgery in question was performed.

Dr. Barkman further testified that bypass surgery was out of his field; that he let the cardiologist to whom he referred his heart patients decide whether such surgery was indicated and that he did not know

under what circumstances thoracic surgeons determine whether or not bypass surgery should be performed. In addition, Dr. Barkman stated that he did not know the cause of Sam Milkie's death, that he had not reviewed the deceased's medical records and that he never saw Sam Milkie again after he referred him to the cardiologist. Thus, the record reflects that Dr. Barkman did not know the form of treatment which a reasonable and prudent member of the medical profession would undertake under the same or similar circumstances of this case. *Hood v. Phillips,* 554 S.W.2d 160, 165 (Tex.1977). We hold there was no abuse of discretion in excluding the testimony of this witness. *Wilson,* 412 S.W.2d at 303–04; *Roberson,* 583 S.W.2d at 821.

▪ Milkie further contends in her other three points that the trial court erred in granting summary judgment because Dr. Metni failed to prove he was entitled to a judgment as a matter of law. Milkie claims there is a genuine issue of material fact regarding the proper mode of treatment of Sam Milkie. Since we have sustained the trial court's holding that Dr. Barkman was incompetent to testify, plaintiff has no controverting expert evidence in the record. Tex.R.Civ.P. 166–A(c) provides:

> A summary judgment may be based on uncontroverted testimony evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The testimony of an interested expert witness, who is the defendant in a malpractice suit, is proper summary judgment evidence. *Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex.Civ.App.—Dallas 1979, no writ). Dr. Metni's affidavit and deposition set out his qualifications, described the services he performed for Sam Milkie and stated that he was familiar with the standard of care in Dallas County for determining whether a patient with the physical problems of Sam

Milkie should be treated medically or surgically. His testimony also established that the standard of treatment for Sam Milkie's condition was bypass surgery and that the surgery and post-operative care provided to Milkie complied with the standard of care prevalent among other thoracic surgeons in Dallas County. In addition, Dr. Metni denied each of the allegations of negligence contained in Milkie's petition and stated the opinion, based upon a reasonable degree of medical probability, that no act or omission on his part caused any damage to Sam Milkie.

Dr. Metni's testimonial evidence is corroborated by the affidavit and deposition of Dr. Jishi, the referring cardiologist, and the affidavits of four other doctors who participated either in the surgery or the post-operative care of Sam Milkie. Metni's summary judgment evidence that the mode of treatment for a patient in Sam Milkie's condition was coronary bypass surgery is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166–A(c). Furthermore, the subject matter in this case requires the trier of fact to be guided solely by the opinion testimony of an expert. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965); *Duncan,* 587 S.W.2d at 473. Dr. Metni's summary judgment evidence is sufficient to negate all genuine issues of material fact regarding appellant's allegations of negligence including the proper mode of treatment for a patient in Sam Milkie's condition and entitles Dr. Metni to a summary judgment unless Milkie introduced competent controverting summary judgment evidence. *Duncan,* 587 S.W.2d at 474.

▪ If we assume that Dr. Barkman was qualified to testify as an expert, his affidavit and deposition are nevertheless not proper summary judgment evidence. His affidavit consisted of conclusory statements that *under* the standard of medical care practiced in the community Dr. Metni's conduct was negligent and not the conduct of a reasonably prudent doctor and that, in his opinion, Sam Milkie should have been treat-

ed medically, not surgically. Similarly, in his deposition, Dr. Barkman's testimony consisted of conclusions about Dr. Metni's negligence and statements regarding how he (Barkman) would have treated Sam Milkie. Testimony about what a reasonably prudent doctor would have done, whether the defendant was negligent or whether a patient's condition was due to defendant's negligence are inadmissible conclusions. *Christian v. Jeters,* 445 S.W.2d 51, 53 (Tex. Civ.App.—Waco 1969, writ ref'd n.r.e.). Furthermore, what Dr. Barkman would have done or whether he would have made the same decision as Dr. Metni is irrelevant here. *Smith v. Gutherie,* 557 S.W.2d 163, 167 (Tex.Civ.App.—Ft. Worth 1977, writ ref'd n.r.e.). Milkie has wholly failed to present competent medical evidence sufficient to raise a fact issue and to rebut the summary judgment evidence presented by defendant. The trial court properly granted Dr. Metni's Motion for Summary Judgment.

Affirmed.