Dayton Wayne PRICE, Appellant,

v.

George E. HURT, Jr., M.D., Appellee.

No. 05–85–01060–CV.

Court of Appeals of Texas, Dallas.

May 9, 1986.

Rehearing Denied June 10, 1986.

Charles E. Beachley, III, Dallas, for appellant.

Will Pryor, Thompson & Knight, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

WHITHAM, Justice.

In this medical malpractice case, the appellant-patient, Dayton Wayne Price, appeals from a summary judgment in favor of the appellee-doctor, George E. Hurt, Jr., M.D. The primary question is whether the affidavit of Hurt, an expert witness and the defendant in the suit, constitutes sufficient proof to support summary judgment. We conclude that Hurt's affidavit does not. Accordingly, we reverse and remand.

■ The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). Therefore, a defendant is entitled to a summary judgment if he establishes, as a matter of law, that at least one element of plaintiff's cause of action does not exist. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). Four elements are essential for plaintiff's cause of action for negligence in a medical malpractice case. These elements are: (1) a legally cognizable duty requiring the defending party to conform to a certain standard of conduct for the protection of another against an unreasonable risk; (2) a failure by the defending party to conform to the required standard; (3) resulting actual injury to the complaining party; and (4) a reasonably close causal connection between the defending party's conduct and the plaintiff's resulting injury. *Cloys v. Turbin*, 608 S.W.2d 697, 700 (Tex.Civ.App.—Dallas 1980, no writ). The present case centers on Hurt's contention that his affidavit successfully negated the first essential element of a cause of action for negligence in a medical malpractice case—his failure to conform to a certain standard of conduct. Hurt argues that his affidavit was competent to negate successfully the first essential element because it comported with the requirements of rule 166–A. Rule 166–A provides:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

TEX.R.CIV.P. 166–A.

■ Price filed no response to Hurt's motion for summary judgment and presented no summary judgment proof. Nevertheless, the burden of proof in summary judgment proceedings does not shift and the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203, 205 (Tex.1985). Thus, we reach the question of whether Hurt's affidavit supporting his motion for summary judgment is legally sufficient. In deciding the question, we must consider changes wrought by enactment in 1977 of the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1986), and the effect of those changes upon the present case.

In his trial pleadings, Price alleged that on October 18, 1982, Hurt implanted an inflatable penile prosthesis in Price. Price also alleged that, among other particulars, Hurt was negligent in failing "to inform [him] that the above-described implant was irreversible, and would result in permanent damage to the penile chambers thereby making normal erections impossible and committing [Price] to a penile prosthesis for the rest of his life." Thus, in the present case, Price raises the issue of informed risk. In a case involving the issue

of informed risk before enactment of article 4590i, unless the mode or form of treatment was a matter of common knowledge or was within the experience of the layman, the requisite proof of negligence had to be established through expert testimony. *Hood v. Phillips,* 554 S.W.2d 160, 165–66 (Tex.1977); *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965); *Bowles v. Bourdon,* 148 Tex. 1, 5, 219 S.W.2d 779, 782 (1949). Indeed, this court has held that nothing in the language of rule 166–A prohibits an interested witness from giving an expert opinion, and that the supreme court intended the opinion testimony of an interested expert to be competent summary judgment proof. *Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex.Civ.App.—Dallas 1979, no writ). Later, we held that the testimony of an interested expert witness, who is the defendant in a malpractice suit, was proper summary judgment evidence. *Milkie v. Metni,* 658 S.W.2d 678, 680 (Tex.App.—Dallas 1983, no writ).[1] Thus, the common law focused on the physician, rather than the patient. The reasonableness of the physician's disclosure was determined by the standards followed by other physicians in the same or a similar community. The common law allowed the doctors to set the standards against which their conduct would be measured in a malpractice suit. *Peterson v. Shields,* 652 S.W.2d 929, 930 (Tex.1983). It was for this reason that, under the common law, the plaintiff was required to offer expert testimony on the standard of care in the same or a similar community; without such testimony, there was no evidence to support the submission of special issues on negligence to the jury. *Peterson,* 652 S.W.2d at 930.

■ Hurt's motion for summary judgment was based solely on Hurt's affidavit as an expert witness and urged that Hurt was entitled to judgment as a matter of law because Hurt's uncontradicted summary judgment evidence established as a matter of law that there was no genuine issue as to any material fact. Article 4590i, section 6.02, however, provides:

In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to disclose or adequately to disclose the risks and hazards involved in a medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

Therefore, article 4590i, section 6.02, replaces the common law locality rule with a "reasonable person" rule. This reasonable person rule focuses on the disclosures which would influence a reasonable person in deciding whether to consent to a recommended medical procedure, rather than the disclosures the doctors in a certain community deem material. *Peterson,* 652 S.W.2d at 931. As a consequence, for medical care or surgical procedures performed after August 29, 1977, the effective date of the Act, it is no longer necessary to introduce expert testimony regarding the standard of care in a certain community. *Peterson,* 652 S.W.2d at 931. A discussion of *Peterson* can be found in Comment, *Texas Adopts an Objective Standard of Medical Disclosure: "Is There a Reasonable Layperson In the House",* 15 Tex.Tech L.Rev. 389 (1984).

■ In order to show the nature of the summary judgment proof in the present case, we quote the affidavit testimony of Hurt relied upon to show that Hurt's affidavit successfully negated his failure to conform to a certain standard of conduct. We omit that part of Hurt's affidavit establishing his qualifications.

5. I first saw Dayton Wayne Price on September 6, 1974. I saw Dayton Wayne Price for his complaint of impotence on September 16, 1982. I consult-

---

1. From our opinions in *Duncan* and *Milkie,* it is apparent that the question of informed risk was not at issue. Therefore, we see no conflict between this opinion and our two prior opinions.

ed with Mr. Price and performed a penile prosthesis implant on October 18, 1982. My last visit with Dayton Wayne Price was on April 28, 1983, at which time he was released from my care.

6. My opinion, which is based upon reasonable medical probability, and upon my treatment and observation of Dayton Wayne Price is that the care and treatment that I provided for Dayton Wayne Price was in accordance with the standard practice which would have been used by reasonable and prudent urologists in Dallas County, Texas.

7. My further opinion, which is based upon reasonable medical probability, and my examination and treatment of Dayton Wayne Price is that I did not fail to take any appropriate steps to diagnose and/or treat Dayton Wayne Price. It is further my opinion, which is based upon reasonable medical probability and upon my experience and training, that my treatment of Dayton Wayne Price met the standard of practice which would have been used by a reasonable and prudent urologist for diagnosis and treatment of Dayton Wayne Price.

8. My further opinion, which is based upon reasonable medical probability, is that any complaints of impotence or any other complaints that Dayton Wayne Price may have presently are not the result of any alleged acts or omissions on my part.

9. Attached hereto as Exhibit A and incorporated by reference are true and correct copies of medical records I generated in the care and treatment of Dayton Wayne Price. These records truly reflect the care and treatment I provided for Dayton Wayne Price. It is my opinion, based upon reasonable medical probability, that the care and treatment that I provided, as exemplified in these records of Dayton Wayne Price, complied with the standard of practice which would have been used by a reasonable, prudent urologist in Dallas County, Texas.

Therefore, in the present case, we have only conclusory summary judgment proof of what the treating physician would deem material as to disclosure. We find no summary judgment evidence of what would influence a reasonable person in deciding whether to consent to a recommended medical procedure.

▪ Next, we consider the effect in the present case of the absence of summary judgment evidence of what would influence a reasonable person in deciding whether to consent to a recommended medical procedure. In the present case, we conclude that doctors do not set the standards against which their conduct is to be measured in this malpractice case involving informed risk. Instead, we conclude that "a reasonable person" sets the standards against which the physician's conduct is to be measured in this malpractice case involving informed risk. We reach this conclusion because neither of the presumptions of article 4590i, section 6.07, is applicable. We know that neither presumption is applicable because the Texas Medical Disclosure Panel created by article 4590i, section 6.03, had not evaluated and published its determination of the type of disclosure required in male genital treatment procedures at the time of Price's surgery. We know this because we read in the Texas Register that effective June 1, 1982, List A states, "(8) male genital system treatments and procedures. (No procedures assigned at this time.)," and List B states, "(9) male genital system. (No procedures assigned at this time.)." Tex. Medical Disclosure Panel, 6 Tex.Reg. 4672, 4677 (1981). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1986).

▪ This brings us to the consequences which follow because the Texas Medical Disclosure Panel failed to make a determination of the type of disclosure required in male genital treatment procedures effective at the time of Price's surgery. When no determination regarding a duty of dis-

closure has been made by the Texas Medical Disclosure Panel, article 4590i, section 6.07(b), provides that the physician is under the duty otherwise imposed by law. *Peterson,* 652 S.W.2d at 931. The "duty otherwise imposed by law" is the duty imposed by article 4590i, section 6.02, to disclose all risks or hazards which could influence a reasonable person in making a decision to consent to the procedure. *Peterson,* 652 S.W.2d at 931.

 Where the cause of action is based on the failure of the physician to disclose or adequately disclose the risks and hazards involved in a medical or surgical procedure rendered by that physician, the only theory of recovery is negligence in failing to disclose such risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent, and not what a physician of like training in the same locality under the same or similar circumstances would have done. *Ford v. Ireland,* 699 S.W.2d 587, 589 (Tex.App.—Texarkana 1985, no writ) (citing *Peterson*). In the present case, the summary judgment evidence failed to address specifically the type of disclosure which is required for the particular procedure at issue in this case under the doctrine set out in *Peterson. See Ford,* 699 S.W.2d at 589. We conclude, therefore, that in the present case Hurt failed to negate whether the risk of injury to Price's genitals could influence a reasonable person in making the decision to undergo surgery. Thus, we conclude further that Hurt's summary judgment evidence failed to negate successfully the first essential element of a cause of action for negligence in this medical malpractice case—his failure to conform to a certain standard of conduct. *Cloys,* 608 S.W.2d at 700. Consequently, it follows that the trial court erred in granting Hurt's motion for summary judgment.

We must now address a matter raised by Price, but immaterial and irrelevant to resolution of this appeal. In a second and final point of error, Price contends that the trial court erred by allowing his counsel in the trial court to withdraw from the cause without liability and without having returned Price's medical records and at a time when the rights of Price were prejudiced by the withdrawal. The record reflects that, after rendition of summary judgment, Price's trial counsel filed a motion to withdraw which the trial court granted. Price, however, makes no argument and cites no authority under his second point of error. A point of error that is not briefed fails to meet the minimum requirements of TEX.R.CIV.P. 414(e), and the appellate court considers such a point to be waived. *Schero v. Astra Bar, Inc.,* 596 S.W.2d 613, 614 (Tex.Civ.App.—Corpus Christi 1980, no writ). Consequently, we treat Price's contention in his second point of error as waived.

Reversed and remanded.