Hans **WENDENBURG**, M.D., Appellant,

v.

Suzanne **WILLIAMS** and Rickie L. **Williams**, Appellees.

No. B14–88–833–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1990.

John C. Marshall, Houston, for appellant.

Victor Branch, Jim Purdue, Kevin Dubose, Houston, for appellees.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Hans Wendenburg, M.D. appeals an adverse judgment in a medical malpractice action brought by Suzanne and Rickie Williams. Appellant, in eight points of error, alleges the trial court erred in submitting an instruction on res ipsa loquitur to the jury and that the evidence was legally and factually insufficient to support the jury's findings of negligence and proximate cause. We reverse and remand to the trial court.

Suzanne Williams' iliac artery and iliac vein were perforated by appellant during a lumbar laminectomy. Appellant does not deny perforating Mrs. Williams' blood vessels, but contends the injury did not result from his negligence. The jury found that appellant was negligent in perforating Mrs. Williams' blood vessels and that his negligence was a proximate cause of her injuries.

In his first two points of error appellant challenges the trial court's submission of the negligence issue with a res ipsa loquitur instruction. In a medical malpractice case based on negligence, the plaintiff must prove breach of duty and proximate cause by medical testimony. The plaintiff's burden of proof was set out by the supreme court in 1949:

It is definitely settled with us that a patient has no cause of action against his doctor for malpractice, either in diagnosis or recognized treatment, unless he proves by a doctor of the same school of practice as the defendant: (1) that the diagnosis or treatment complained of was such as to constitute negligence and (2) that it was a proximate cause of the patient's injuries.

*Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 782 (1949).

Thus, if a plaintiff cannot present expert testimony that a violation of the proper medical standard proximately caused his injury, then he has not presented legally sufficient evidence to prove his cause of action. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965). An exception to this rule is recognized where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen. *Rayner v. John Buist Chester Hosp.,* 526 S.W.2d 637, 639 (Tex.Civ.App.— Waco 1975, writ ref'd n.r.e.).

The doctrine of res ipsa loquitur will imply negligence in those cases where (1) the character of the accident and the circumstances surrounding it lead to the conclusion that it would not occur in the absence of negligence, and (2) the injury is caused by some instrumentality or agency within the defendant's exclusive control. *Roberson v. Factor*, 583 S.W.2d 818, 820 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

The Medical Liability and Insurance Improvement Act provides:

> The common law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this subchapter.

Tex.Rev.Civ.Stat. art. 4590i, § 7.01 (Vernon Supp.1989).

This statute in its present form went into effect on August 29, 1977; the operation on Mrs. Williams took place on August 18, 1982.

Texas courts have allowed application of this doctrine in malpractice actions in those circumstances where the negligence is obvious to a layman. Examples of such situations include the use of certain mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges in the body. *Williford v. Banowsky*, 563 S.W.2d 702, 705 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

Appellees assert that res ipsa loquitur applies in this case because appellant operated on the wrong part of the body and because he used a mechanical instrument during surgery. First, appellees argue that appellant "was supposed to be performing surgery on the spine, and ended up inflicting damage to blood vessels in the abdomen." In other words, by perforating the iliac artery and iliac vein, appellant operated on the *wrong part of the body.* To the contrary, both appellant and Dr. Robert Grossman testified that the iliac artery and iliac vein actually touch the anterior ligament of the disc where appellant was operating. This cannot be the scenario contemplated by the courts when they allowed res ipsa loquitur to be applied to a case where a doctor was accused of operating on the wrong body part. Application of res ipsa loquitur to a "wrong body part" case would require that the doctor intentionally operated on the wrong part of the body under the mistaken impression that he was operating on the correct part of the body. That did not happen here.

Second, appellees argue that res ipsa loquitur applies to this case because Mrs. Williams' injuries were caused by appellant's use of a mechanical instrument. To apply the doctrine of res ipsa loquitur to a case concerning a mechanical instrument, the plaintiff must prove that the use of the instrument is a matter plainly within the common knowledge of laymen. *See Williford v. Banowsky*, 563 S.W.2d at 705 (proper use of a high speed rotary instrument in dental treatment is not a matter within the common knowledge of laymen); *Hamilton v. Sowers*, 554 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1977, writ dism'd) (administration of anesthetics with a hypodermic needle is not within the common knowledge of laymen); *Irick v. Andrew*, 545 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (use of x-ray apparatus is not a matter within the common knowledge of laymen).

Appellant performed Mrs. Williams' operation with a microscope and used several small, specialized surgical tools including curettes, scalpels, and retractors. Appellant, to reach the disc, had to cut through several layers of tissue and perform the operation through a hole one-eighth of an inch wide. To remove the tissue, appellant used a pituitary rongeur, a sophisticated instrument used to grip and "bite" the tissue between the vertebrae of the spine. Testimony at trial revealed that extensive training is required for the proper use of such an instrument. We conclude that the proper use of a pituitary rongeur is not a matter within the common knowledge of laymen; therefore, the doctrine of res ipsa loquitur does not apply. The trial court erred in submitting the negligence issue

with a res ipsa loquitur instruction. We sustain appellant's points one and two.

■ Appellant asserts the trial court's submission of the res ipsa loquitur instruction is reversible error and that we should render judgment for appellant. We agree that the error is reversible, but do not agree that judgment should be rendered. At trial, Mr. Williams testified that, after appellant completed the surgery, he told Mr. Williams about the possible injury to Mrs. Williams' abdominal blood vessels. Mr. Williams testified:

He made the statement, 'This is a rare occurrence.' He never—the only case he could remember it ever happening was some movie actor who died from this procedure. He said he also wondered what kind of idiot would do such a thing—such a mistake. Now, he knew.

We find the doctor's statements are some evidence that appellant negligently perforated Mrs. Williams' blood vessels and the jury was entitled to consider appellant's statement to Mr. Williams along with the other evidence in determining appellant's negligence.

Our disposition of appellant's first two points of error pretermits any discussion of his remaining five points. We reverse the trial court's judgment and remand for a new trial consistent with this opinion.