Manax (MD) v. Ballew 






AFFIRMED
MAY 31, 1990

NO. 10-89-074-CV
Trial Court
# 86-4095-3
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

WILLIAM G. MANAX, M.D.,
Â Â Â Appellant
v.

DAVID BALLEW, ET UX,
Â Â Â Appellees

* * * * * * * * * * * * *

 From 74th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

This is a medical malpractice case. The appeal resulted from
the judgment rendered on a verdict in which the jury awarded
personal injury damages on findings that appellant William G.
Manax, M.D., negligently removed a wrong lipoma from the back of
appellee David Ballew.
Evidence showed that David Ballew went to Dr. Manax for
inspection of a lump on his back. The growth had been detected by
David's wife, appellee Mary Ballew, a registered nurse. While
visiting relatives, Mary Ballew again noticed the growth and
pointed it out to her sister-in-law, Susan Ashcraft. They both
felt the lump which was located high on David's right shoulder next
to the shoulder blade. Dr. Manax diagnosed the growth as a large
lipoma of the back immediately medial to the right scapula.
At the time of the office visit, Dr. Manax sketched a diagram
of the mass. His diagram reflected that the lipoma was located
adjacent to the right shoulder blade. This drawing was consistent
with his written description of the lipoma. Dr. Manax never noted
in his records the presence of more than one growth or lipoma. He
told David to report the next morning for surgery to remove the
lipoma. 
Following surgery, Mary Ballew was changing the surgical
dressing when she discovered that the actual incision was two
inches below the mass which she and David thought was to have been
removed. After visiting with Dr. Manax about the matter on the
second day after surgery and not getting "a good answer," the
Ballews went to see another surgeon, Dr. Nicholas Bellegie, M.D.,
on the fifth day after surgery. Dr. Bellegie probed the incision
made by Dr. Manax and then later removed the lipoma which the
Ballews had sought to have removed by Dr. Manax.
Dr. Manax testified directly that the Ballews were mistaken in
their testimony and that he had removed the lipoma agreed upon by
them. Apparently believing the Ballews, the jury found that Dr.
Manax was negligent and that this proximately caused the injuries
complained about by the Ballews.
The charge to the jury included an instruction on the doctrine
of res ipsa loquitur. Dr. Manax contends this instruction was
improper under the facts of this case. He also asserts the
evidence was factually insufficient to support the jury's findings
that he acted negligently and that such negligence was the
proximate cause of injuries to David Ballew.
The doctrine of res ipsa loquitur will imply negligence in
situations where (1) the character of the accident and the
circumstances surrounding it lead to the conclusion that it would
not occur in the absence of negligence, and (2) the injury is
caused by some instrumentality or agency within defendant's
exclusive control. Honea v. Coca Cola Bottling Co., 183 S.W.2d
968, 969 (1944). As a general rule, the doctrine is inapplicable
in medical malpractice cases. Harle v. Krchnak, 422 S.W.2d 810,
815 (Tex.Civ.App.--Houston [1st Dist.] 1967, writ ref'd n.r.e.). 
However, the Texas courts have allowed the doctrine to be applied
in a medical malpractice case where the nature of the act and
injuries are obvious to a layman and are within the common
knowledge of laymen. The courts have held that an example of a
correct application is where a physician operates on the wrong part
of the body. Roberson v. Factor, 583 S.W.2d 818, 820
(Tex.Civ.App.--Dallas, writ ref'd n.r.e.). Where the doctrine
applies, the requirement of expert medical testimony is eliminated;
however, the necessity of proof of causal negligence by the
defendant physician still remains. Pekar v. St. Luke's Episcopal
Hospital, 570 S.W.2d 147, 150 (Tex.Civ.App.-Waco 1978, writ ref'd
n.r.e.). 
In our case the Ballews contended that Dr. Manax operated on
the wrong part of David's body. They testified that they went to
Dr. Manax's office and pointed out the lipoma that was causing
David discomfort. They discussed with Dr. Manax the possibility of
surgery to remove the lipoma and decided to have it removed the
following day. Both testified that Dr. Manax palpated the lipoma
which was to be removed and that it was the same area of complaint
by the Ballews. Mary Ballew testified that a day after David's
surgery she discovered that a different portion of his body had
been operated on and that the lipoma that was to be removed
remained. Under these circumstances any person in the position of
the Ballews, whether a physician or not, would be able to look at
the back and determine that the area operated on was not the same
area agreed upon for surgery less than a week earlier. 
Furthermore, the nature of the injuries complained about are within
a layman's knowledge. The evidence did not show that David's
injuries could have occurred from causes other than Dr. Manax's
negligent acts. If the Ballews had merely shown an injury without
proving the manner in which it was received and the circumstances
surrounding it, then the evidence would have been insufficient to
warrant an inference of negligence by the doctrine of res ipsa
loquitur. Wendenburg v. Williams, 784 S.W.2d 705, 707 (Tex.App.--Houston [14th Dist.] 1990, no writ). The Ballews sufficiently
proved that they went to Dr. Manax's office, that he palpated the
lipoma the Ballews intended to be removed, and that when David
returned home from surgery for removal of the lipoma agreed upon
they discovered that the wrong area of the body had been operated
on by Dr. Manax. The injury was discovered the first time the
dressing was removed after the surgery. Clearly, an operation by
Dr. Manax on the wrong part of David's back was within the common
knowledge of laymen. Therefore, the doctrine of res ipsa loquitur
applies and expert medical testimony was not required. The
testimony of the Ballews was sufficient to support the jury's
finding of negligence. The fact of resulting injury to David's
body by the surgical incision was indisputable.
Even if the rule of res ipsa loquitur did not apply in this
case, the Ballews still met their burden of proof using expert
testimony. The testimony of Dr. Bellegie, the second surgeon, was
sufficient expert testimony to support the jury determination of
negligence and proximate cause of injury. Dr. Manax's records
reflected that the location of a lipoma on David's back was one
that was medial to the right scapula. At no time did Dr. Manax's
records indicate that there was more than one lipoma. Dr. Bellegie
testified that the area of surgery by Dr. Manax was not consistent
with the description of the area of the lipoma in his records; that
most physicians would describe that area as the site of the second
operation; and that Dr. Manax's incision bore no relationship to
the area of the drawing in his records. Dr. Bellegie's testimony
established causal negligence against Dr. Manax. He testified that
surgery on a wrong part of the body cannot occur without negligence
by the surgeon, and his testimony also established that the
operation on the wrong lipoma proximately caused injury to David.
Dr. Manax asserts that in any event his actions were not
malpractice because the lipoma he removed needed to be removed. We
reject this argument since it seeks approval of medical procedures
that are performed without the authority or consent of the patient
and are thus illegal, denying the patient the right to determine
what shall be done to his own body. Johnson v. Whitehurst, 652
S.W.2d 441, 444 (Tex.App.--Houston [1st Dist.] 1983, writ ref'd
n.r.e.); Anderson v. Hooker, 420 S.W.2d 235, 237 (Tex.Civ.App.--El
Paso 1967, writ ref'd n.r.e.).
All points and contentions raised by Dr. Manax are overruled. 
His complaints about the sufficiency of the evidence have been
considered in light of the tests for such questions set forth in
Pool v. Ford Motor Company, 715 S.W.2d 629, 635 (Tex.1986), and
Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex.1980).
The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â VIC HALL
PUBLISHJustice



liance with the Family Code, at both the adjudication and disposition
hearings.  See Tex. Fam. Code
Ann. Â§ 54.03 (Vernon Supp. 2007); see also Tex. Fam. Code Ann. Â§ 54.04 (Vernon Supp. 2007).Â  The child victim testified that K.M.C. made him Âsuck his wienerÂ and
that it had happened before.Â  See Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005) (uncorroborated
testimony of the child victim alone is sufficient to establish aggravated
sexual assault)[1]; see
also In re A.B., 162 S.W.3d 598, 601Â (Tex. App.ÂEl Paso 2005, no pet.)
(same).Â  The record
contains several objections lodged by K.M.C., none of which give rise to any
issues of arguable merit.Â  Moreover, K.M.C.Âs sentence is within the applicable
punishment range for the charged offense.Â  See Tex. Pen. Code Ann. Â§ 12.32(a) (Vernon 2003) (punishment for first
degree felony is five to ninety-nine years or life in prison).

However, the record does not show that the trial
court advised K.M.C. of the sealing procedures for the record in accordance
with section 54.04(h)(2).Â  See Tex.
Fam. Code Ann. Â§ 54.04(h)(2).Â  Such error is harmless.Â  See In re J.L.R., No. 04-99-00217-CV, 2000 Tex. App. Lexis 2523,Â at *9 (Tex. App.ÂSan Antonio April 19, 2000, no pet.) (not designated for publication)Â (failure to advise the juvenile of sealing
procedures could not have caused the rendition of an improper judgment or
prevented the juvenile from presenting a case on appeal).Â  Neither does the trial courtÂs order contain K.M.C.Âs thumbprint as required by
section 54.04(j).Â  See Tex. Fam.
Code Ann. Â§ 54.04(j) (ÂIf the court or jury found that the child engaged
in delinquent conduct that included a violation of a penal law of the grade of
felony or jailable misdemeanor, the courtÂshall require that the childÂs
thumbprint be affixed or attached to the orderÂ).Â  Because this is a clerical
error that may be remedied by a modified judgment, the trial court is ordered
to modify the judgment to include K.M.C.Âs thumbprint.Â  See In re R.W.G., No. 2-02-083-CV, 2003 Tex. App. Lexis 2653, at *7-8 (Tex. App.ÂFort Worth March 27, 2003, no pet.)Â (mem. op.)Â (In Anders
appeal, trial court ordered to modify judgment to affix the juvenileÂs
thumbprint).

Accordingly, we agree
with counsel that K.M.C.Âs appeal presents no issues of arguable merit.Â  We affirm the judgment subject to modification of the
order.

Counsel must send K.M.C. and
his father a copy of our decision, at their last known addresses, and notify them of the
right to file a pro se petition for discretionary review.Â  See Ex
parte Owens, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); Villanueva,
209 S.W.3d at 249; see also Tex.
R. App. P. 53.Â  We grant counselÂs motion to withdraw, effective upon
counselÂs compliance with the aforementioned notification requirement as
evidenced by Âa letter [to this Court] certifying [] compliance.ÂÂ  See Meza v. State, 206 S.W.3d 684, 689 n.23 (Tex.
Crim. App. 2006); see
also Villanueva, 209 S.W.3d at 249.

Â 

Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs in the judgment which
affirms K.M.C.Âs adjudication.Â  A separate opinion will not issue.)

Affirmed

Opinion delivered and
filed August 6, 2008

[CV06]

Â 

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Chapter 38 of the Code of Criminal
Procedure generally applies in juvenile delinquency proceedings.Â  See Tex. Fam. Code Ann. Â§ 51.17(c) (Vernon Supp. 2007).