Marty **PRELLWITZ**, Appellant,

v.

**CROMWELL, TRUEMPER, LEVY, PARKER AND WOODSMALE, INC.**, Appellee.

No. 05–90–00244–CV.

Court of Appeals of Texas, Dallas.

Nov. 26, 1990.

Harry L. Cure and Carey F. Walker, Fort Worth, for appellant.

Ronald D. Wren, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and LAGARDE, JJ.

## OPINION

BAKER, Justice.

This is an architectural/engineering malpractice suit. Marty Prellwitz appeals from a directed verdict for Cromwell, Truemper, Levy, Parker and Woodsmale, Inc. Prellwitz contends: (1) the trial court abused its discretion by excluding expert opinion testimony from two witnesses; and (2) the trial court erred by granting Cromwell a directed verdict. We affirm.

## FACTS

Prellwitz suffered injuries when he tested PVC plastic pipe for leaks using compressed air to pressurize the pipe. Cromwell was the design architect and mechanical engineer on the project where Prellwitz worked as an apprentice plumber.

Cromwell was responsible for the specifications for building and testing the chilled water piping system. Cromwell's specifications designated several types of pipe, including PVC as an optional pipe. However, the specifications did not include a PVC pipe test procedure. Prellwitz's employer chose to use PVC pipe but did not question the lack of specifications on testing procedures. Nor did it seek clarifications of the specifications before the accident. Prellwitz pleaded a cause of action against Cromwell for professional negligence in the performance of Cromwell's duties as an architect and mechanical engineer. The principally-pleaded negligence theory was that Cromwell did not specify the appropriate test procedures for the PVC pipe.

Prellwitz contends that the use of air to test PVC pipe is inappropriate. He contends that water is the proper agent to pressurize the pipe. Prellwitz further asserts that the accident would not have occurred if Cromwell had included the water pressure method in the specifications.

## PROCEDURAL HISTORY

Prellwitz had the burden of establishing a prima facie case of professional negligence against Cromwell through competent expert testimony. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). To discharge this burden, Prellwitz tried to offer the expert opinion testimony of two witnesses, E.B. Roberts and Gary Rumrill. Prellwitz offered their testimony to show that the Cromwell specifications were inadequate because they did not specify the procedure for testing PVC pipe. Cromwell objected to the opinion testimony of these two witnesses because neither witness was qualified to give an opinion as to Cromwell's professional competence as architects and mechanical engineers. The trial court sustained the objections and excluded the opinion testimony. Because of this ruling, Prellwitz was without any expert opinion evidence on the standard of care applicable to Cromwell. When Prellwitz rested his case, Cromwell moved for and obtained a directed verdict.

## THE EXPERT WITNESS TESTIMONY

In his first and second points of error, Prellwitz complains that the trial court abused its discretion by excluding the opinion testimony of the two witnesses. In his fourth point of error, Prellwitz contends that the trial court erred by sustaining Cromwell's objection to the opinion testimony because each witness had previously testified without objection to substantially the same facts.

### 1. The Excluded Expert Opinion Testimony

■ Whether a witness qualifies as an expert is a matter of judicial discretion. TEX.R.CIV.EVID. 104(a); *Milkie v. Metni*, 658 S.W.2d 678, 679 (Tex.App.—Dallas 1983, no writ). We will not disturb the trial court's determination of whether to admit expert testimony unless it clearly abuses its discretion. *1st Coppell Bank v. Smith*, 742 S.W.2d 454, 458 (Tex.App.—Dallas 1987, no writ); *Air Shields, Inc. v. Spears*, 590 S.W.2d 574, 579 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). The party offering an expert witness has the burden to show the witness's qualifications. *Milkie*, 658 S.W.2d at 679.

A witness who is to give an expert opinion about the standard of care within a particular licensed profession must be licensed in that same profession. *See, e.g., Shook v. Herman*, 759 S.W.2d 743, 747

(Tex.App.—Dallas 1988, writ denied); *Tijerina v. Wennermark*, 700 S.W.2d 342, 347 (Tex.App.—San Antonio 1985, no writ). This state requires a person to obtain a license to practice as an architect or registered mechanical engineer. *See* TEX.REV. CIV.STAT.ANN. art. 249a (Vernon 1973); TEX. REV.CIV.STAT.ANN. art. 3271a (Vernon 1968). These statutes make it illegal to engage in the practice of architecture or engineering without a license. *See* TEX.REV.CIV.STAT. ANN. art. 249a, § 1 (Vernon 1973); TEX.REV. CIV.STAT.ANN. art. 3271a, § 1.2 (Vernon 1968). The record reflects that neither Roberts nor Rumrill is a licensed architect or a licensed mechanical engineer. They are not competent to testify either as experts in the architectural or mechanical engineering professions or about the standards of care relating to those professions. The trial court did not abuse its discretion in excluding their opinion testimony. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Milkie*, 658 S.W.2d at 680. We overrule Prellwitz's points of error one and two.

### 2. The Admitted Testimony

■ Prellwitz also argues that the trial court erred by sustaining Cromwell's objection to opinion testimony from Roberts and Rumrill because the trial court admitted substantially the same testimony without objection. Prellwitz asserts that Cromwell waived its right to object. *See Richardson v. Green*, 677 S.W.2d 497, 501 (Tex.1984). We disagree. The previously-admitted testimony from Roberts and Rumrill related the facts from their viewpoints as a construction manager/consultant and marketing manager, respectively. The testimony bore on their expectations as experienced persons in their respective fields. However, the evidence is not relevant to the issue of the adequacy of Cromwell's specifications and the standard of care applicable to Cromwell. The admitted testimony lacks any similarity to the excluded testimony. *See Richardson*, 677 S.W.2d at 501. We overrule Prellwitz's point of error four.

### THE INSTRUCTED VERDICT

■ In his third point of error, Prellwitz contends the trial court erred in granting Cromwell an instructed verdict because Prellwitz's evidence, when viewed in the light most favorable to his contentions, is some evidence on each element of his malpractice case. Prellwitz concedes that a professional malpractice case such as this requires a plaintiff to produce expert testimony to show the standard of care applicable to the defendant. *See, e.g., I.O.I. Sys., Inc. v. City of Cleveland*, 615 S.W.2d 786, 790 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

When reviewing a grant of an instructed verdict for a defendant, we determine whether the plaintiff presented any evidence of probative force which raised a fact issue on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978); *Graziadei v. D.D.R. Mach. Co.*, 740 S.W.2d 52, 56 (Tex.App.—Dallas 1987, writ denied). We consider all of the evidence in the light most favorable to the party against whom the trial court directed the verdict. We indulge every reasonable inference from the evidence in that party's favor. *Graziadei*, 740 S.W.2d at 55.

Prellwitz contends that Roberts's and Rumrill's testimony, when viewed in the light most favorable to him, is some evidence on each element of his malpractice case against Cromwell. Roberts testified that the Cromwell specifications were ambiguous because they contained no directions for testing PVC pipe. He said if a contractor selected PVC pipe, it needed some specifications on how to test the pipe. He further testified that the architectural engineering firm hired is responsible for the specifications. Rumrill testified that air testing of PVC pipe is dangerous and improper. He stated that the Cromwell specifications contained no testing procedures for PVC pipe.

Prellwitz argues that this testimony is at least some evidence of Cromwell's responsibility for the specifications. He also argues that the opinions of both Roberts and Rumrill show that Cromwell's standard of care requires it to specify the testing procedures for PVC pipe. We disagree.

Prellwitz had the burden of establishing a prima facie case of professional negli-

gence against Cromwell through competent expert testimony. *See Roark*, 633 S.W.2d at 809. This burden required Prellwitz to offer evidence from an expert witness licensed either as an architect or an engineer to testify to the standard of care, i.e., what a "reasonably prudent architect or engineer would have done or not done." *I.O.I. Sys., Inc.*, 615 S.W.2d at 790. Again, neither Roberts nor Rumrill was qualified to testify as an expert about the architectural or engineering standard of care. Any opinions expressed by either of them about the standard of care applicable to Cromwell does not rise to the level of the expert testimony required to prove the standard of care. Since Prellwitz has not called this Court's attention to any other evidence on that standard of care, we conclude that Prellwitz did not carry his burden of establishing a prima facie case of professional negligence. We hold the trial court did not err in directing a verdict in Cromwell's favor. *See Stanton v. Westbrook*, 598 S.W.2d 331, 333 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Smith v. Guthrie*, 557 S.W.2d 163, 165 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n.r.e.). We overrule Prellwitz's third point of error.

We affirm the trial court's judgment.