Annie HICKS and L. M. Hicks, Appellants,

v.

Emory Willie BROOKS and Lillie Mae Brooks, Appellees.

No. 743.

Court of Civil Appeals of Texas, Tyler.

Dec. 20, 1973.

Rehearing Denied Jan. 24, 1974.

Ruth Rayner, Dallas, for Annie Hicks.

C. B. Bunkley, Jr., Dallas, for appellees.

MOORE, Justice.

This is an appeal from a judgment declaring a child to be dependent and neglected under the provisions of Article 2330 et seq., Vernon's Ann.Civ.Texas Statutes. Appellees, Emory Willie Brooks and wife, Lillie Mae Brooks, instituted the suit against appellant, Annie Hicks and husband, L. M. Hicks, in the Juvenile Court of Dallas County, Texas, alleging that Sandra Lavern Hicks, the minor child of appellants, was dependent and neglected in that the child was destitute and did not have proper parental care. After a trial without a jury, the trial court entered judgment declaring the child, Sandra Lavern Hicks, age 10, to be a dependent and neglected child and awarding custody to appellees, Emory Willie Brooks and wife, Lillie Mae Brooks. Appellants timely filed a motion for a new trial, but failed to obtain a ruling thereon, and as a result, the motion was overruled by operation of law. Thereafter, appellants duly perfected this appeal.

The record is before us without a statement of facts. No findings of fact or conclusions of law were requested or filed.

■■■ By their first point of error, appellants urge that the trial court erred as a matter of law in declaring the child to be dependent and neglected because they say that the sworn pleadings filed by appellees show that the child was not, in fact, dependent and neglected. Appellants construe appellees' petition as alleging that at the time the suit was filed the child was in the possession of appellees and was being supported and maintained by the appellees. They therefore argue that the child was not destitute or dependent upon the public for support and could not, as a matter of law, have been a dependent and neglected child under the holding of Henricks v. Curry, 401 S.W.2d 796 (Tex.1966). As we view the record, appellants' contention is untenable. Appellees alleged in their original petition that the child had lived in their home and had been supported by them

since she was two months of age. They further alleged that shortly before they filed suit, appellant, Annie Hicks, forcibly took the child from the appellees and carried the child to her home. The petition was filed on July 6, 1972. The record shows that the case did not go to trial until October 10, 1972. Thus, at the time of the trial the child had been living in appellants' home for approximately three months. While it may be true that the child may not have been dependent and neglected while she was in the care and custody of appellees and while she was being maintained by them, the issue before the court at the time of trial was whether the child was dependent and neglected during the time she was in the custody of appellants. We fail to find anything in the pleadings indicating that the child was being maintained by appellees, either at the time suit was filed or at the time of trial. As we view the record, the judgment is amply supported by the pleadings. In the absence of a statement of facts, we do not know what constituted the evidence, but in as much as the court's judgment recites that evidence was heard, it must be presumed that the evidence was sufficient to show that the child was, in fact, dependent and neglected. Mays v. Pierce, 154 Tex. 489, 281 S.W.2d 79 (1955); Taylor v. American Emery Wheel Works, 480 S.W.2d 26 (Tex.Civ.App., Corpus Christi, 1972, n. w. h.).

■■■ By their second point of error, appellants contend that the court erred in depriving them of the custody of their minor child because the court failed to find and recite in the judgment that appellants were unfit to have the custody of the child. The point is without merit and must be overruled.

■■■ Since appellants failed to request findings of fact and conclusions of law, they cannot now be heard to complain of the matter. Rule 298 and 299, Texas Rules of Civil Procedure; Century Indemnity Co. v. First National Bank of Longview,

272 S.W.2d 150 (Tex.Civ.App., Texarkana, 1954, n. w. h.). We are not aware of any authority and have been cited none requiring the court in a case of this kind to find and recite in the judgment that the parents were found to be unfit for custody.

In their third point, appellants urge that the trial court erred in refusing to grant them a new trial. Under this point appellants do not assert that they seek to present newly discovered evidence. They merely contend that they should have been granted a new trial in order that they might have an opportunity to offer evidence which they say was omitted on the first trial. We are not in accord with this proposition.

Rule 320, Texas Rules of Civil Procedure, concerning motions for new trial, provides, in part, as follows:

"New trials may be granted and judgment set aside on motion for good cause, on such terms as the court shall direct. * * *"

█ It is well settled that a court of equity will not set aside a final judgment when the failure to have a full presentation of the case resulted from the negligence, inadvertence or mistake either of the party seeking the relief or by his counsel. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945); Jones v. Jones, 391 S.W.2d 102 (Tex.Civ.App., Amarillo, 1965, n. w. h.). The failure on the part of appellants or their attorney to fully develop the available evidence would not constitute "good cause" authorizing a new trial.

"A motion for new trial is not a vehicle through which the case may be tried over or tried differently." Crossley v. Crossley, 306 S.W.2d 388 (Tex.Civ.App., San Antonio, 1957, n. w. h.).

█ Under appellants' fourth point it is contended that they should have been granted a new trial because they received inadequate legal assistance during the trial of the case. They contend that even though they were represented by an attorney, they were not adequately represented because their attorney did not file a written answer prior to trial and that their attorney was responsible for a substantial delay in the entry of the final judgment in the case. No contention is made that there was any fraud committed on them by their attorney, nor is there any contention that any of his mistakes were induced by appellees.

█ It is well settled that in the absence of fraud a party is fully concluded by the acts of his attorney. Mistakes by a party or the attorney for the party, not induced by the opposing party, is not reason for granting a new trial. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex. 1970); Sandoval v. Rattikin, 395 S.W.2d 889 (Tex.Civ.App., Corpus Christi, 1965, ref'd n. r. e.). Since appellants do not contend that there was any fraud or other improper conduct on the part of appellees inducing the improper handling of their case by their attorney, the fourth point is overruled.

The judgment of the trial court is affirmed.