Opal CLARK et al., Appellants,

v.

HARRIS HOSPITAL, Appellee.

No. 17806.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 12, 1976.

Steves, Morgan & Harper, and Sterling W. Steves, Fort Worth, for appellants.

Wynn, Brown, McConnico, Mack, Renfro & Thompson, and Tom Renfro, Fort Worth, for appellee.

## OPINION

MASSEY, Justice.

A Mrs. Willie M. Mays, deceased, was the mother of Opal Clark, et al. On September 7, 1971, Mrs. Mays was admitted as a patient in Harris Hospital where she was treated by her physician. She sustained a fall on September 15, 1971. As result of the fall she sustained injuries, and from the

complications ensuing she died on October 7, 1971.

Opal Clark, et al. brought suit against the hospital for damages resulting from negligent tort because there was failure to restrain Mrs. Mays in her bed by use of a "posey belt". They alleged that Mrs. Mays either fell out of the bed and sustained her injuries or was thereby negligently permitted to climb out of the bed so that she afterward fell and sustained her injuries.

On trial the jury returned its answer "We do not" to the special issue inquiring whether the failure to restrain Mrs. Mays was negligence. On the issues upon damages there was no answer returned which would entitle plaintiffs to a judgment even if negligence on the part of the hospital had been found.

A take nothing judgment was rendered upon the verdict from which the plaintiffs appealed.

We affirm.

█ The sole point of error brought to this Court is complaint that on trial there was wrongful exclusion of evidence desired to be produced by plaintiffs. Such evidence, but for the exclusion would have shown that Mrs. Mays' nurses at the hospital were from foreign countries and were not nurses licensed as such by the State of Texas. On the complaint made we have concluded that even if the exclusion was erroneous it became completely immaterial in view of the jury's verdict and could in no event furnish an occasion to reverse the judgment.

█ The only issue in the case to which the complaint could have application would be the special issue in answer to which the jury declined to find negligence. According to plaintiffs the according of an affirmative answer to the special issue on negligence because of failure to properly restrain Mrs. Mays was compelled, or was established as a matter of law. If we assume the contention to be sound, and that the hospital's failure was negligence per se the plaintiffs nevertheless must be deemed to have lost their case by the implied finding to support the judgment of the trial court to the unanswered conditionally submitted special issue upon proximate cause. There was waiver of right to have the jury answer such issue because there was no complaint because the proximate cause issue was not unconditionally submitted and where the contention is that there is negligence per se as a matter of law and the contention is sustainable there must be an insistence in the trial court that the proximate cause issue be unconditionally submitted. Strauss v. LaMark, 366 S.W.2d 555 (Tex.Sup., 1963); Webb v. Jorns, 530 S.W.2d 847, 854 (Tex. Civ.App., Fort Worth, 1975, writ ref., n. r. e.). In our opinion there was raised by the evidence a simple issue upon negligence; negligence per se because of the failure to restrain Mrs. Mays by "posey belt" was not established.

The complaint because of exclusion of plaintiffs' proffered evidence that the hospital's agent nurses to whom it had entrusted Mrs. Mays' care were unlicensed by Texas law was based upon V.A.T.S., Title 71, "Health—Public", Ch. 7, "Nurses", Art. 4518, et seq.

█ Negligence, if any, in the hospital's entrustment of the care of Mrs. Mays to these nurses would be material only if there was in addition some negligence on the part of the nurses which was the proximate cause of the event bringing about her injuries. So far as the jury in the case was concerned it proceeded to answer the special issue in the assumption that there was no want in qualification of the nurses. Measuring the degree of care given Mrs. Mays by the nurses as apparently licensed by Texas law the jury nevertheless found no negligence on their part. Obvious is it that the exclusion of evidence that the nurses were unlicensed was, even if erroneous, not such error as would be reasonably calculated to cause and did probably cause the jury to return an answer to the special issue other than the answer it would have returned had the evidence been admitted. Therefore the exclusion did not constitute reversible error by test of T.R.C.P. 434, Texas' "harmless error rule".

Even if there was negligent "entrustment" of Mrs. Mays' care to the nurses the fact would avail plaintiffs nothing. This is true whether such negligence was a matter of fact or as a matter of law. Development of the negligent entrustment doctrine has not enlarged the liability of a defendant so that it could be greater than a defendant's liability because of an agent's acts under the doctrine of *respondeat superior.* In every instance where there is imposition of vicarious liability it is a requirement that there be negligence of the agent or of the one to whom there has been negligent entrustment. Furthermore the negligence must amount to a proximate cause of the event resulting in injury. Such is true even where there had been negligent entrustment of a vehicle to one known to be an unlicensed operator. *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587 (1947). See also 20 Arkansas Law Review (1966), p. 101, "Negligent Entrustment, etc."; *Tri-State Truck and Equipment Co., Inc. v. Stauffer,* 24 Md.App. 221, 330 A.2d 680 (Ct. Special Appeals of Maryland, 1975); 11 Trial Lawyers Forum, No. 2, October-December, 1976, p. 23, "Negligent entrustment revisited: developments".

It being unnecessary to proper decision of the appeal we decline to consider whether the hospital entrustment of Mrs. Mays to the care of nurses who did not have a Texas license could amount to negligence *per se.*

There is, additionally, necessary affirmance of the judgment because there was no jury finding entitling plaintiffs to any damages even if plaintiffs were able to present reversible error in the verdict and judgment as related to complaint of wrongful exclusion of evidence. Such excluded evidence did not have a relation to any issue on damages.

Judgment is affirmed.