**Hellen TATOM, Appellant,**

v.

**James GUILLEBEAU, M.D., Appellee.**

**No. 12–83–0127–CV.**

Court of Appeals of Texas, Tyler.

Feb. 14, 1985.

Rehearing Denied March 21, 1985.

Robert R. Waldie, Seven Points, for appellant.

Michael E. Jones, Tyler, for appellee.

COLLEY, Justice.

On December 10, 1982, Hellen Tatom, plaintiff/appellant, filed a medical malpractice suit against Dr. James Guillebeau, defendant/appellee. Guillebeau filed a motion for summary judgment on February 8, 1983, supported by his affidavit. The sole ground of the motion is that there is no genuine fact issue material to the cause. Tatom filed a response to the motion, but did not present any summary judgment evidence in opposition thereto. On April 26, 1983, the trial judge signed a summary judgment for Guillebeau that Tatom take nothing. We reverse and remand.

Dr. Guillebeau's affidavit establishes that he is an experienced, board certified orthopedic surgeon. His affidavit shows that he possesses impecable credentials, and that he is on the staff of two Tyler hospitals. The affidavit also establishes the following facts: Dr. Guillebeau first saw Tatom as a patient on February 4, 1980, and had professional contacts with her up until April 16, 1980. After examination of Tatom's left thumb, Dr. Guillebeau concluded that Tatom was suffering from degenerative arthritis of the carpal metacarpal joint of her left thumb. He recommended conservative treatment for the condition which treatment was rejected by Tatom. On February 13, 1980, Dr. Guillebeau at the request of Tatom, and with her signed written consent, performed an arthrodesis (fusion) of the carpal metacarpal joint by inserting a "bone peg" taken from the left elbow of Tatom. Dr. Guillebeau states in his affidavit that he performed the surgery "in accordance with general [sic] accepted medical standards." He also states that "no action taken by me during the operation or failure to act on my part during the operation constituted negligence.... I hereby state that I did not fail to exercise that degree of care, skill and learning as a physician of ordinary prudence under the same or similar circumstances or community would have exercised and that I committed no act or omission which constituted negligence as that term is defined by law for the acts of physicians."

Tatom urges five points of error, three of which allege that the granting of the summary judgment motion was erroneous because a fact issue remains in the case, that is, whether Dr. Guillebeau was guilty of negligence in his treatment, care and supervision of her.

Dr. Guillebeau argues that the judgment is supported by the unchallenged statements and opinion testimony rendered by him in his supporting affidavit. We disagree. Dr. Guillebeau's affidavit fails to articulate the standard of care applicable to his medical services to, and treatment of Tatom. Rather, in conclusionary statements he alleges that he "performed [the surgery] in accordance with generally accepted medical standards in ... Smith County ... and in accordance with general [sic] accepted medical standards for orthopedic surgery." Dr. Guillebeau further alleges that he was not guilty of negligence which caused Tatom any damages and that he performed the surgery in the same manner as any "reasonably prudent orthopedic surgeon in Smith County would have per-

formed the same." Additionally Dr. Guillebeau states that his postoperative care and treatment of Tatom were likewise in accordance with accepted standards of care "prevalent in the orthopedic surgeon community in Smith County." He also rendered an opinion that his care and treatment of Tatom "was the same that she would have received by any other reasonable [sic] prudent medical doctor practicing in Smith County ... as an orthopedic surgeon."

 Tatom contends, in effect, under her first point of error that the affidavit is insufficient to support the summary judgment because the question of Dr. Guillebeau's negligence can only be determined by the court or jury. Tatom argues that Dr. Guillebeau's conclusion that he was not negligent is not binding on the fact finder because he is an interested party. Dr. Guillebeau responds that Rule 166–A(c)[1] provides that a summary judgment may be based on opinion testimony by an interested expert, citing *Duncan v. Horning*, 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ). We agree with the Dallas Court's conclusion that the language[2] added to Rule 166–A(c) by the 1978 Amendment allows a summary judgment to be based on an *interested expert's* opinion. However, we do not agree that under Rule 166–A(e) and the rules of evidence existing prior to the adoption of the new rules of evidence,[3] that Dr. Guillebeau's opinion that he was not guilty of negligence or that he cared for Tatom as any reasonably prudent orthopedic surgeon would have, entitled him to the judgment rendered below. No medical expert is competent under the former rules of evidence to express an opinion as to "what a reasonable and prudent doctor would have done under the same or similar circumstances." A determination of that factual issue is for the trier of the facts. *Snow v. Bond*, 438 S.W.2d 549, 550–551 (Tex.1969). Tatom's first point of error is sustained.

The judgment is reversed, and the cause is remanded.

---

1. All reference to Rules are to Texas Rules of Civil Procedure unless otherwise noted.

2. "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."

3. Texas Rules of Evidence, created by order of the Texas Supreme Court dated November 23, 1982, effective September 1, 1983.