**Gerald E. WHITE, Appellant,**

v.

**John WAH, M.D., Michael J. Chaney, M.D., the Woodlands Community Hospital, and Gulf Coast Emergency Physician's Association, Appellees.**

No. 01–89–00257–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 1990.

Rehearing Denied May 10, 1990.

Sanford B. Kahn, Jonette S. Anderson, Houston, for appellant.

Bradley E. Bartlett, Malcolm Williams & Eugene Nettles, Rebecca S. Mathews, Houston, for appellees.

Before DUGGAN, WARREN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in a medical malpractice action.

Appellant was injured when a small piece of his nose was torn off in an accident. He was taken to the emergency room of The Woodlands Community Hospital, where he was treated by Dr. John Wah, an agent of Gulf Coast Emergency Physician's Association. Dr. Wah consulted with Dr. Michael

Chaney, a plastic surgeon, regarding treatment of the cavity created by the detachment of skin from appellant's nose. Appellant contends that the doctors' treatment left him disfigured.

Appellant filed suit, alleging negligent treatment by the two physicians, and negligent hiring and retaining by Woodlands and Gulf Coast.

The four appellees moved for summary judgment; the motions of Drs. Wah and Chaney were supported by affidavits.

Following a hearing, the trial court granted the four motions for summary judgment, as well as Dr. Chaney's motion to strike. Appellant's motion for new trial was overruled after a hearing, and this appeal followed. Appellant raises seven points of error.

In his first and second points of error, appellant asserts that the trial court erred in granting the appellees' motions for summary judgment because the doctors' affidavits are factually insufficient.

▇ A defendant is entitled to summary judgment when the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action, and that on the undisputed evidence, he is entitled to a take-nothing judgment. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). A defendant physician is entitled to summary judgment if he presents expert testimony to establish the absence of one element of the plaintiff's cause of action, and the plaintiff fails to present competent medical evidence sufficient to raise a fact question on the issue. *Milkie v. Metni*, 658 S.W.2d 678, 680 (Tex.App.—Dallas 1983, no writ).

The burden of introducing evidence to avoid summary judgment shifts to the non-movant, however, only if the movant's evidence meets the criteria of Texas Rule of Civil Procedure 166a(c), and negates all genuine issues of material fact with respect to an essential element of the non-movant's cause of action. *Cloys v. Turbin*, 608 S.W.2d 697, 699–700 (Tex.Civ.App.—

Dallas 1980, no writ). Rule 166a(c) provides:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

To defeat a summary judgment, the non-movant's controverting evidence need only raise an issue of fact with respect to the element or elements of the cause of action negated by the movant's summary judgment evidence; it need not be sufficient to meet the nonmovant plaintiff's burden of persuasion at trial. *Cloys*, 608 S.W.2d at 700.

▇ In a medical malpractice cause of action, the plaintiff must prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex.1988); *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965). To do so, the plaintiff must prove four elements: (1) a duty by the physician to act according to a certain standard; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury. *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied); *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 217 (Tex. App.—Houston [1st Dist.] 1986, no writ). A defendant is entitled to prevail on his motion for summary judgment if he establishes, as a matter of law, that at least one essential element of the plaintiff's cause of action does not exist. *Pinckley*, 740 S.W.2d at 531; *Cloys*, 608 S.W.2d at 699.

### Dr. Wah's Affidavit

▇ A physician's affidavit submitted in support of a motion for summary judgment should articulate the standard of care which applies to the medical services and treatment rendered on behalf of the patient

alleging malpractice. *Tatom v. Guillebeau*, 686 S.W.2d 705, 706–707 (Tex.App.—Tyler 1985, no writ). The affidavit must state the standard of care, indicate that the standard would be used by a reasonably prudent physician under the same or similar circumstances, and state that the defendant physician adhered to that standard of care. *McCord v. Avery*, 708 S.W.2d 954, 956 (Tex.App.—Fort Worth 1986, no writ); *Wheeler*, 707 S.W.2d at 216–17. Dr. Wah's affidavit does not meet these criteria.

■ Dr. Wah's affidavit states:

I am a physician who was providing emergency room medical services at the time of the incident made the basis of this lawsuit at The Woodlands Community hospital.

I am licensed to practice medicine in Texas. I am board certified in family practice. I was and am actively engaged in emergency room practice and services. I have knowledge and am familiar with the type of care and treatment of a reasonable and prudent doctor under the circumstances in this case.

On October 10, 1985, Gerald E. White came into The Woodlands Community Hospital Emergency Room. I was on duty at the time. Mr. White brought in a 2 X 2 centimeter piece of tissue in a non-sterile container, submerged in water and without ice, which had been severed off his nose. I examined the tissue and found that it was in poor condition and frayed. I placed in [sic] in a sterile dressing on ice in a sterile container. I called Michael J. Chaney, M.D., a plastic surgeon, and discussed with him the possibility of reattaching the evulsed nose tissue. After discussing it with Dr. Chaney, I decided that Mr. White's nose would have a better cosmetic result if allowed to heal secondarily, i.e. without attempting to reattach the evulsed tissue. I explained this decision to Mr. White. The wound was a clean wound. There was no embedded foreign matter and minimal bleeding was present. The wound was easy to clean and could be kept clean without difficulty; therefore, I did not prescribe an antibiotic because it was unlikely that the wound would become infected. I told him to see Michael J. Chaney, M.D. the next day for follow up treatment.

I am familiar with the facts stated herein and they are true and correct.

In his affidavit, Dr. Wah broadly states that he is "familiar with the type of care and treatment of a reasonable and prudent doctor under the circumstances in this case;" he then provides a one-paragraph description of the treatment he gave appellant. The affidavit's brevity destroys its effectiveness as competent summary judgment evidence. Dr. Wah does not identify the appropriate standard of care; he fails to allege that his treatment accorded with *any* standard of care. Further, Dr. Wah neglects to show that the treatment he gave appellant equaled that which reasonably competent physicians would have given. In this regard, Dr. Wah does not sufficiently describe his treatment; his affidavit does not state (1) that he correctly supervised, monitored, and knew appellant's condition; (2) that his diagnosis and treatment was correct and proper; (3) that the treatment he gave appellant was correct and proper; or (4) that all of his acts were consistent with the appropriate standard of care. *See Wheeler*, 707 S.W.2d at 216. For these reasons, Dr. Wah's affidavit is insufficient, in itself, as summary judgment evidence.

Further, the affidavit does not negate any of the four necessary components of appellant's cause of action. It does not state that Dr. Wah's treatment did not cause appellant's injuries. *See Wheeler*, 707 S.W.2d at 217.

Dr. Wah's affidavit does not identify an appropriate standard of care, allege compliance with such a standard, or negate an element of the appellant's cause of action. The affidavit is an insufficient basis for summary judgment and the trial court erred in dismissing the action against Dr. Wah. Appellant's points of error are sustained as to Dr. Wah, and by extension, to Gulf Coast Emergency Physician's Association, for which Dr. Wah was an agent.

### Dr. Chaney's Affidavit

■ Dr. Chaney's affidavit establishes testimonial competence, first-hand knowledge of the facts presented, and summarizes the affiant's medical training and experience. The affidavit continues:

On October 10, 1985, I received a phone call from the Emergency Room physician of The Woodlands Community Hospital regarding a man who had suffered an avulsion injury to the skin of his nose approximately one to two centimeters in size while doing construction work. The Emergency Room physician told me that the skin was frayed and in poor condition. I was told that there was no exposure of bone or cartilage. It has been my observation that if an avulsion injury is small and no underlying structure such as bone or cartilage is exposed, that a skin graft will have an inferior cosmetic result compared to secondary wound healing or reconstruction with a skin flap. Based upon this observation and the facts relayed to me from the Emergency Room physician, I instructed the physician to discard the tissue and clean the wound with peroxide, cover it with neosporin ointment and a non-adherent gauze dressing. The patient was to be seen by me the following day; however, he failed to show up for his appointment. I am familiar with the standard of care for the type of treatment I rendered to the plaintiff, Gerald E. White. That standard is a mode or form of treatment which a reasonable and prudent member of the medical profession would have undertaken under the same or similar circumstances. It is my expert opinion that my medical diagnosis and instructed treatment of Mr. White are in accordance with this standard of care and were the same medical diagnosis and instructed treatment which would have been performed by a reasonably prudent physician acting under the same or similar circumstances.

I have reviewed the Plaintiff's First Amended Original Petition in this case and I deny each and every allegation contained in that instrument. Specifically, as to the allegations of my negligence, I deny that I failed to properly diagnose and remedy the plaintiff's avulsion injury. I deny that I negligently instructed the Emergency Room physician to discard the avulsed tissue. I deny that I negligently failed to recommend reattachment of the nose tissue. I deny that I, in any other manner, deviated from the standard of ordinary care in the treatment of the plaintiff.

Further, it is my expert opinion, based on a reasonable degree of medical probability, that none of the damages plaintiff now claims in his first Amended Original Petition were in any way caused by any negligent act or omission on my part.

In contrast to that of Dr. Wah, Dr. Chaney's affidavit states that he knew the appropriate standard of care, that his diagnosis and instructed treatment conformed to that standard, and that his treatment was similar to that used by reasonably competent physicians in like circumstances. *See Wheeler*, 707 S.W.2d at 216–17.

Dr. Chaney's affidavit is clear, positive, direct, credible, free from contradictions and inconsistencies, and can be readily controverted. Thus, Dr. Chaney's affidavit, though that of an interested party, is sufficient to negate all genuine issues of material fact regarding appellant's allegations of negligence. *See Kemp v. Heffelman*, 713 S.W.2d 751, 753 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Duncan v. Horning*, 587 S.W.2d 471, 473 (Tex.Civ.App.—Dallas 1979, no writ); Tex.R.Civ.P. 166a(c).

■ In regards to the standard of care applicable in this case, the supreme court has held:

the statement of the law [as to the standard of care for medical malpractice suits] most serviceable to this jurisdiction is as follows: A physician who undertakes a mode or form of treatment which a reasonable and prudent member of the medical profession would undertake shall not be subject to liability for harm caused thereby to the patient.

*Hood v. Phillips*, 554 S.W.2d 160, 165 (Tex. 1977); *see also Tilotta v. Goodall*, 752 S.W.2d 160, 164 (Tex.App.—Houston [1st

Dist.] 1988, writ denied). We hold that the standard of care articulated in Dr. Chaney's affidavit is sufficient to sustain summary judgment in his behalf.

Appellant's points of error maintain that the physicians' affidavits are insufficient to support the summary judgment. Appellant's argument overlooks the fact that Dr. Chaney's affidavit, as opposed to Dr. Wah's, does, in fact, state the standard. Appellant does not argue that the standard of care spelled out in Dr. Chaney's affidavit is incorrect; neither does appellant allege that Dr. Chaney misstated the standard. To the contrary, appellant's brief cites and relies on the same authorities—which include the standard of care—urged by Dr. Chaney and cited by this Court. *Wheeler*, 707 S.W.2d at 216–217, citing *Hood*, 554 S.W.2d at 165.

The dissent would reverse the summary judgment in favor of Dr. Chaney because his affidavit did not state the applicable standard of care. According to the dissent, "[m]edical specialists in Texas are held to the standard of a reasonable and prudent specialist, in the defendant doctor's specialty area, under the same or similar circumstances," citing *Bronwell v. Williams*, 597 S.W.2d 542, 546 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

The supreme court recently held in *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 210 (1990), that a court of appeals wrongly acted *sua sponte* when it reversed a summary judgment "on grounds neither raised in opposition to the motion at the trial court level, nor presented to the court of appeals by brief or argument." In the case before us, the litigants did not brief or argue the "medical specialist" standard of care advocated by the dissent. Furthermore, the specialist standard is contrary to the standard urged by appellant in his opposition to the summary judgment.

Because we hold that Dr. Chaney presented competent summary judgment evidence, we further hold that the burden then shifted to appellant to show the existence of a material fact regarding the elements of medical malpractice. *City of Houston v. Clear Creek Basin Auth.*, 589

S.W.2d 671, 678 (Tex.1979); *Pinckley*, 740 S.W.2d at 531; *Kemp*, 713 S.W.2d at 753. Appellant failed to do so.

■ Appellant, a lay person with no medical background, introduced his own affidavit in an attempt to raise a fact issue. Mere conclusions of a lay witness are not usually competent to controvert expert medical opinion. *Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 751 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Milkie*, 658 S.W.2d at 680; *see also Hart*, 399 S.W.2d at 792 ("in determining negligence in a [medical malpractice] case ... which concerns the highly specialized art of treating disease, the court and jury must be dependent on expert testimony").

■ Appellant did not introduce expert testimony to controvert Dr. Chaney's summary judgment evidence. Although he attached several unauthenticated documents to his reply to the motions for summary judgment, he did not submit a physician's affidavit to the trial court until he filed his motion for new trial, nearly a month after the trial court granted summary judgment.

Rule 166a(c) provides that summary judgment shall be rendered on evidence on file at the time of the hearing "or filed thereafter and before judgment with permission of the court," and further provides that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. The affidavit by Dr. Fredericks, first filed with appellant's motion for new trial, was not on file at the time of the summary judgment hearing, and appellant never requested permission to file it late. Even if he had so requested, the trial court had discretion to deny permission to file a late affidavit. *Axcell v. Phillips*, 473 S.W.2d 554, 560 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). Accordingly, Dr. Frederick's affidavit cannot be considered by this Court in reviewing the trial court's action in granting Dr. Chaney's summary judgment.

Because Dr. Chaney met his burden of negating the essential elements of appellant's cause of action, and appellant failed to meet his burden of producing controverting evidence to raise a fact issue on the negated elements, Dr. Chaney was entitled to summary judgment. *Pinckley*, 740 S.W.2d at 531; *Nicholson*, 722 S.W.2d at 751; *Wheeler*, 707 S.W.2d at 217. Appellant's first and second points of error are overruled with respect to Dr. Chaney.

### Woodlands' Summary Judgment Proof

 Woodlands' liability for the negligent hiring and retaining of Dr. Wah, Gulf Coast, and Dr. Chaney must be predicated on a finding of negligence on the part of these individuals and entities. *Clark v. Harris Hosp.*, 543 S.W.2d 743, 745 (Tex. Civ.App.—Fort Worth 1976, no writ); *see also Qualls v. Graham Gen. Hosp.*, 535 S.W.2d 932, 936 (Tex.Civ.App.—Fort Worth 1976, no writ). Because summary judgment was improperly granted to Dr. Wah, a genuine fact issue remains as to whether he was negligent, and whether Woodlands, in turn, was negligent in hiring him. Appellant's points of error one and two are sustained as to Woodlands.

In his third, fourth, fifth, and sixth points of error, appellant asserts that he was not afforded the 21-day notice required by rule 166a(c) to respond to appellees' motions for summary judgment (point of error three); not allowed to amend his own affidavit (point of error four); not allowed to late file an additional affidavit (point of error five); and not afforded the three-day notice required by Texas Rule of Civil Produre 21 on Dr. Chaney's motion to strike (point of error six).

 Appellant asserts these contentions for the first time on appeal. An allegation that a party received less notice than required by statute does not present a jurisdictional question, and, therefore, may not be raised for the first time on appeal. *Davis v. Davis*, 734 S.W.2d 707, 712 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Delta (Del.) Petroleum & Energy Corp. v. Houston Fishing Tools Co.*, 670

S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Dr. Wah and Gulf Coast filed their motions for summary judgment on October 26, 1988; Dr. Chaney and Woodlands filed theirs on November 7 and November 8, 1988, respectively. Appellant admits that his counsel gave oral permission for Dr. Chaney's late filing and notice. All motions for summary judgment were virtually identical.

Appellant filed responses to each motion on November 21, 1988. Dr. Chaney filed his motion to strike on November 23, 1988. Appellees' motions for summary judgment and Dr. Chaney's motion to strike were granted on November 28, 1988.

Appellant never objected to the lack of a 21-day notice prior to, or at the hearing on, the motions for summary judgment, nor in his motion for new trial. Neither did he request leave to amend his own affidavit, or seek leave to file a late affidavit, or complain of the lack of three day's notice on Dr. Chaney's motion to strike.

 If an appellant receives notice, appears at the summary judgment hearing, and does not file an affidavit as required by Rule 166a(f), he waives the 21-day notice requirement. *Hudenburg v. Neff*, 643 S.W.2d 517, 518 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1983). By failing to make a motion for continuance and a post-trial motion complaining of lack of notice, appellant waived his right to receive a 21-day notice before the hearing. *Delta (Del.) Petroleum & Energy Corp.*, 670 S.W.2d at 296.

Appellant's third, fourth, fifth, and sixth points of error are overruled.

 In his seventh and final point of error, appellant asserts that the trial court erred in denying his motion for new trial. Appellant does not attack the merits of the trial court's denial, but instead argues that this Court can examine the cumulative effect of harmless errors made by the trial court and determine whether, taken together, they caused rendition of an improper judgment. To support this contention, ap-

pellant asserts that Dr. Fredericks' affidavit, coupled with the trial court's failure to consider the other points of error, entitles him to a trial on the merits. As we concluded in points of error one and two, however, the trial court could consider only evidence which was on file at the time of the summary judgment hearing. *Brown v. Prairie View A & M Univ.*, 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Superior Stationers Corp. v. Berol Corp.*, 483 S.W.2d 857, 860–61 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). The trial court had no obligation to postpone the hearing in order to allow appellant to produce an affidavit that he should have acquired earlier, or to accept and consider an affidavit filed without leave of court almost a month after the summary judgment was rendered. *Malooley Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Superior Stationers Corp.*, 483 S.W.2d at 860 (opposing affidavits filed two weeks after entry of summary judgment came too late). A trial court does not abuse its discretion when it refuses to consider instruments filed after it has granted summary judgment. *Axcell*, 473 S.W.2d at 560.

While Texas Rule of Civil Procedure 320 provides that new trials may be granted for "good cause," failure of counsel to fully develop available evidence does not constitute "good cause." *Scheffer v. Chron*, 560 S.W.2d 419, 420 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Hicks v. Brooks*, 504 S.W.2d 942, 945 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). Appellant has not shown that good cause existed to set aside appellees' motions for summary judgment. *Anal-log, Inc. v. City of Tyler*, 520 S.W.2d 819, 821 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Hicks*, 504 S.W.2d at 945. The trial court did not err in denying appellant's motion for new trial.

Appellant's seventh point of error is overruled.

Summary judgment in favor of Dr. Chaney is affirmed; the summary judgments in favor of Dr. Wah, Gulf Coast, and Woodlands are reversed and the causes are remanded to the trial court for further proceedings.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

I respectfully dissent from that portion of the majority's opinion which affirms the summary judgment in favor of Dr. Chaney.

In his affidavit, Dr.' Chaney states that he is a medical doctor specializing in plastic surgery. He then states that he is familiar with the standard of care for the type of treatment he rendered to appellant, defining the standard of care as the mode or form of treatment "which a reasonable and prudent member of the medical profession would have undertaken under the same or similar circumstances." Dr. Chaney further states that his medical diagnosis and instructed treatment were in accordance with that standard of care, and "were the same medical diagnosis and instructed treatment which would have been performed by a reasonably prudent physician acting under the same or similar circumstances."

Generally, a medical specialist has a duty to possess and exercise the degree of knowledge and skill that is reasonably possessed by similar specialists, and not merely the degree of knowledge and skill of a general practitioner. *King v. Flamm*, 442 S.W.2d 679, 681 (Tex.1969). Texas courts have consistently held that physician specialists are held to a higher standard of care and skill than that possessed by non-specialists. *See Baker v. Story*, 621 S.W.2d 639, 642 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.); *Smith v. Guthrie*, 557 S.W.2d 163, 167 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). Medical specialists in Texas are held to the standard of a reasonable and prudent specialist, in the defendant doctor's specialty area, under the same or similar circumstances. *See Bronwell v. Williams*, 597 S.W.2d 542, 546 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

In his first and second points of error, appellant asserts that summary judgment for appellees was improperly granted because the affidavits of the doctors are in-

sufficient to support the summary judgment. Appellant specifically asserts that "[n]o applicable defined standard of care is outlined in the affidavits of Appellees." I agree.

The "applicable standard of care" is determinable as a matter of law, not fact. When Dr. Chaney stated an incorrect standard of care in his affidavit, it was not necessary for appellant to file a controverting affidavit setting out the correct, applicable, standard of care; this is not a "factual" matter that appellant needed to controvert to prevent summary judgment for Dr. Chaney. Dr. Chaney, as movant for summary judgment, had the burden to prove, through uncontroverted, expert affidavit testimony, that he acted in accordance with the *applicable* standard of care; Dr. Chaney, instead, "proved" that he had acted in accordance with a lesser standard of care than that applicable to specialists. Therefore, the burden never shifted to appellant to introduce controverting proof; Dr. Chaney did not meet his initial burden. The Texas Supreme Court stated the applicable rule as follows:

> The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law.... Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Appellant's points of error one and two specifically present, for our review, the question of the sufficiency of appellees' affidavits, claiming the affidavits are insufficient to support the summary judgment. Appellant has specifically presented this ground for reversal to us. I respectfully disagree with the majority's construction of *San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (1990). Even though appellant has not specifically argued that the correct standard of care for Dr. Chaney is the standard applicable to medical specialists, appellant *has* complained that Dr. Chaney's affidavit is insufficient to support the summary judgment, thereby raising the ground on which I would reverse. As a matter of law, Dr. Chaney's affidavit is either sufficient, or it is not. I conclude it is not sufficient to support the summary judgment.

In my opinion, Dr. Chaney failed to conclusively negate any of the four essential elements of appellant's cause of action, being duty, breach of duty, injury and proximate cause. With regard to the breach of duty element, Dr. Chaney did not conclusively establish that he did not breach the applicable standard of care, being the standard of treatment that a reasonable and prudent specialist in the area of plastic surgery would have undertaken under the same or similar circumstances.

I would reverse and remand the summary judgment for appellee Chaney, along with the remainder of the case.