Frank McDOLE and Sally McDole, Individually and as Next Friend of Frank Burch McDole, a Minor, and Sally Haney, a Minor, By and Through Her Father and Next Friend, Michael R. Haney, Appellants,

v.

SAN JACINTO METHODIST HOSPITAL and the Methodist Hospital System, Appellees.

No. 01–93–00457–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1994.

Thomas M. Stanley, Houston, for appellants.

Craig Smyser, Patrick W. Mizell, Houston, for appellees.

Before DUGGAN, COHEN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is the appeal of a take-nothing judgment. Appellants, Frank McDole and Sally McDole, individually and as next friend of Frank Burch McDole, a minor, and Sally Haney, a minor, by and through her father and next friend, Michael R. Haney, sued a number of physicians [1] and the appellees, San Jacinto Methodist Hospital and the Methodist Hospital System, for negligent acts and omissions leading to the death of Cheryl Ann Burgess. In four points of error, appellants claim the trial court erred in granting a summary judgment because (1) appellees failed to establish their right to a summary judgment as a matter of law, and (2) genuine issues of material fact existed precluding summary judgment. In four identical points of error, appellants claim that the trial court erred in denying their motion for new trial. We affirm.

On September 4, 1988, Cheryl Burgess was admitted by Dr. James Bernick to San Jacinto Methodist Hospital for acute abdominal pain. Dr. Bernick transferred her to intensive care on September 6th. On the morning of September 6, Dr. Bernick determined that Ms. Burgess had a very complex medical problem, and needed to be transferred to a tertiary center because neither he nor the San Jacinto Methodist Hospital were

---

1. James Bernick, M.D., James M. Strangmeier, M.D., Pamela Medellin, M.D., Farouk Bargandi, M.D., Fernando Sarti, M.D., and Obstetrical & Gynecological Associates.

capable of treating her problems. After several failed attempts to transfer Ms. Burgess to Ben Taub Hospital, the Methodist Hospital, and Hermann Hospital, physicians at John Sealy Hospital in Galveston agreed to accept her. She was life-flighted on September 8, 1988, and taken to surgery at about midnight. The surgeon found that she had blockages of the hepatic vein, the mesenteric vein, and the splenic vein. The surgeon decided that surgery would not be useful and closed the incision. Ms. Burgess died on September 10, 1988.

Appellants contend that appellees caused Ms. Burgess' death by failing to:

1. obtain a timely transfer from San Jacinto Methodist Hospital to a tertiary care facility;
2. establish rules or procedures for the transfer of patients within the Methodist Hospital System capable of providing tertiary care for patients such as Ms. Burgess;
3. recommend procedures, protocols or rules for the transfer of patients within the Methodist Hospital System capable of providing tertiary care for patients such as Ms. Burgess; and
4. seek assistance from the administrators, chiefs of staff or other management officials of the Methodist Hospital or the Methodist Hospital System for the transfer of patients within the Methodist Hospital System capable of providing tertiary care for patients such as Ms. Burgess.

■■■ The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Once the defendant has negated, as a matter of law, such elements of plaintiff's cause of action, the plaintiff has the burden of introducing

evidence that raises issues of fact with respect to the elements negated by the defendant's summary judgment evidence. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972); *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1986, no writ). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984).

■■■ A summary judgment cannot be affirmed on any ground not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■■■ To recover on each of their claims against appellees, appellants must establish: (1) a duty requiring appellees to conform to a certain standard of conduct, (2) the applicable standard of care and its breach, (3) injury, and (4) causation, i.e., a reasonably close causal connection between the breach of that standard of care and the injury. *Garza v. Levin,* 769 S.W.2d 644, 645 (Tex.App.—Corpus Christi 1989, writ denied); *Wheeler,* 707 S.W.2d at 217.

Appellees' motion for summary judgment asserted two grounds: (1) that there was no duty on a hospital or a corporation to seek or secure another hospital to receive a transferring patient; and (2) that there was no causation between any acts of appellees and the death of Ms. Burgess. In support of their motion, appellees offered the affidavit of John Stroehlein, M.D., an independent expert, stating, in pertinent part:

I have reviewed the medical records of Cheryl Ann Burgess and the transfer policies of San Jacinto Methodist Hospital and The Methodist Hospital System. I was and am personally familiar with the stan-

dard of care for a reasonably prudent hospital as it regards the transfer of a patient such as Cheryl Ann Burgess under the circumstances in this case. The standard of care for the transfer of a patient such as Ms. Burgess under those circumstances is that a physician determines if a patient needs to be transferred to the care of another physician at another hospital or medical facility. Based on the medical needs of the patient, the physician contacts another physician at the receiving hospital who is willing to accept the patient in transfer and who has the expertise related thereto. When a physician determines to try to transfer a patient like Ms. Burgess, the standard of care requires the hospital personnel and administrators to assist the physician in the transfer process. The hospital is not responsible for transferring a patient to another hospital because it is the physician(s), not the hospital(s), who is/are ultimately involved in the transfer process. This involves many medical considerations which include, but are not limited to, the type and severity of the disease process in question, the stability of the patient to tolerate transfer, and whether there is any reasonable expectation that intervention and treatment by the receiving physician will affect the outcome of a case being considered for transfer.

Administrative personnel at San Jacinto Methodist Hospital made suggestions to help find an accepting physician and appropriately attempted to assist Dr. James Bernick, the attending physician of Ms. Burgess, as he requested in the transfer of this patient. Both San Jacinto Methodist Hospital and The Methodist Hospital complied with the standard of care in this case.

. . . .

Further, it is my expert opinion that, based upon a reasonable degree of medical probability, no act or omission by San Jacinto Methodist Hospital or The Methodist Hospital System, or any of their respective employees or agents, caused Cheryl Ann Burgess' death.

In point of error one, appellants contend that appellees' summary judgment proof does not address all of their theories of recovery. In point of error two, appellants contend that appellees did not meet their burden of summary judgment proof to establish the standard of care. In point of error three, appellants contend that the affidavit of Dr. Stroehlein fails to negate causation because it is conclusory and unclear. In point of error four, appellants contend that a genuine issue of material fact existed precluding summary judgment. Because causation is an element common to all of appellees' theories of recovery, we will consider it first.

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *Garza,* 769 S.W.2d at 645; *Wheeler,* 707 S.W.2d at 215; TEX.R.CIV.P. 166a(c).

In a medical malpractice case, it is the plaintiff's burden to prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). Appellees contend that Dr. Stroehlein's affidavit testimony negated the element of causation. Dr. Stroehlein set forth the following standard of care:

> When a physician determines to try to transfer a patient like Ms. Burgess, the standard of care requires the hospital personnel and administrators to assist the physician in the transfer process. The hospital is not responsible for transferring a patient to another hospital because it is the physician(s), not the hospital(s), who is/are ultimately involved in the transfer process.

Dr. Stroehlein then reviewed the acts of appellees: "Administrative personnel at San Jacinto Methodist Hospital made suggestions to help find an accepting physician and appropriately attempted to assist Dr. James Bernick, the attending physician of Ms. Burgess, as he requested in the transfer of this patient." He then concluded that "[b]oth San Jacinto Methodist Hospital and The Methodist Hospital complied with the stan-

dard of care in this case." He further concluded that "based upon a reasonable degree of medical probability, no act or omission by San Jacinto Methodist Hospital or The Methodist Hospital System, or any of their respective employees or agents, caused Cheryl Ann Burgess' death." We have previously considered affidavit testimony which was virtually identical to the testimony before us.

In *White v. Wah,* 789 S.W.2d 312, 317 (Tex.App.—Houston [1st Dist.] 1990, no writ), we affirmed a summary judgment where, after setting forth the standard of care, the defendant physician's affidavit stated, "Further, it is my expert opinion, based on a reasonable degree of medical probability, that none of the damages plaintiff now claims in his first Amended Original Petition were in any way caused by any negligent act or omission on my part." We held likewise in *Wheeler,* where the defendant physician's affidavit set forth the standard of care, and then concluded, "that the damages plaintiffs now complain of in their First Amended Original Petition were in no way caused by the examinations, operative procedures and treatments performed by me for Mr. Wheeler." *Wheeler,* 707 S.W.2d at 216.

Like the affidavits in *White and Wheeler,* appellees' affidavit is clear, positive, direct, credible, free from contradictions and inconsistencies, and can be readily controverted. We hold that appellees presented competent summary judgment evidence attacking causation sufficient to sustain the summary judgment. Once appellees negated, as a matter of law, an element of the cause of action, appellants had the burden of introducing evidence that raises an issue of fact with respect to the element negated by the summary judgment evidence. *White,* 789 S.W.2d at 318.

Appellants introduced excerpted portions of the deposition testimony of James J. Bernick, M.D. and Lisa Dever, M.D. Dr. Bernick was the primary physician for Ms. Burgess while she was a patient at San Jacinto Methodist Hospital; Dr. Dever was one of the treating physicians for Ms. Burgess while she was a patient at John Sealy Hospital. Nothing in the testimony of Dr. Bernick or Dr. Dever addresses causation, i.e., that some act or omission of appellees caused the death of Ms. Burgess. Appellant argues that a reasonable inference was raised that the "delay in obtaining a transfer had an effect on the ultimate outcome." Appellants' assertion is made, however, without any specific references to the testimony. We have reviewed the excerpted deposition testimony in its entirety, and find no fact issue regarding possible effects of a delay in transfer. Appellees' uncontroverted testimony establishes that, based on reasonable medical probability, none of appellees' acts or omissions caused Ms. Burgess' death. *Wheeler,* 707 S.W.2d at 218.

We find that appellees' summary judgment proof established, as a matter of law, that there is no genuine issue of fact regarding causation, an essential element in each of appellants' theories of recovery against appellees. *Gibbs,* 450 S.W.2d at 828. Because the trial court's order does not specify the grounds relied on for its ruling, the summary judgment is affirmed if any of the theories advanced are meritorious. *Security Ins. Co.,* 790 S.W.2d at 410. Therefore, we need not address whether the trial court erred in granting the motion for summary judgment because appellees had no duty to secure a receiving physician or hospital.

We overrule appellants' point of error three, and points of error one, two and four to the extent they relate to causation. Because the summary judgment was proper, the trial court did not err in denying appellants' motion for new trial. Therefore points of error five through eight are overruled.

We affirm the trial court's judgment.

MIRABAL, J., dissents.

O'CONNOR, J., requested a vote to determine if the case should be heard en banc, pursuant to Tex.R.App.P. 79(d), (e) and Tex. R.App.P. 90(e).

OLIVER–PARROTT, C.J., and DUGGAN, COHEN, HUTSON–DUNN and HEDGES, JJ., voted against en banc consideration.

WILSON and ANDELL, JJ., did not participate.

MIRABAL and O'CONNOR, JJ., dissented from the denial of en banc consideration and O'CONNOR, J., joins MIRABAL's, J., dissent.

MIRABAL, Justice, dissenting.

I dissent.

In this summary judgment case, the majority specifically does not decide whether a fact issue exists regarding appellees' duty in this case, or regarding whether the applicable standard of care was breached. The holding of the majority is: *even if* appellees breached the applicable standard of care, there was *no causation* of Mrs. Burgess' death as a result of that breach, as a matter of law. The majority bases this holding on the affidavit of Dr. John Stroehlein filed in support of appellees' motion for summary judgment. In my opinion, the portion of Dr. Stroehlein's affidavit dealing with causation is strictly conclusory, and therefore it is incompetent summary judgment evidence on the issue of causation.

Focusing only on the portion of Dr. Stroehlein's affidavit that deals with causation, the affidavit states:

I have reviewed the medical records of Cheryl Ann Burgess....

....

[I]t is my expert opinion that, based upon a reasonable degree of medical probability, no act or omission by San Jacinto Methodist Hospital or The Methodist Hospital System, or any of their respective employees or agents, caused Cheryl Ann Burgess' death.

In my opinion, this affidavit is insufficient because it does not include the basis for the doctor's opinion—it is conclusory only. The affidavit does not set out the nature of Mrs. Burgess' medical condition, either on the day she was admitted into the hospital (September 4), or on the day she was placed in intensive care and her primary care physi-cian decided she needed to be transferred (September 6), or on the day she was transferred to a tertiary care facility (September 8), or at the time she was finally operated on (approximately midnight on September 8). We do not know if, by his affidavit testimony, Dr. Stroehlein meant that even if Mrs. Burgess had been transferred to a tertiary care facility promptly, she would have had no better chance of survival than she did when she finally received specialized care *two and one-half days later.* Or perhaps the doctor meant, in light of the balance of his affidavit, that *because* in his opinion the appellees complied with the applicable standard of care regarding transfer, no acts of negligence on their part proximately caused Mrs. Burgess' death.[1] Or perhaps Dr. Stroehlein meant that the acts or omissions of the doctors, or nurses, or the life flight helicopter crew, or someone else, caused Mrs. Burgess' death, notwithstanding any acts or omissions of the appellee hospitals and their staff. We are left completely to conjecture regarding the meaning of Dr. Stroehlein's affidavit testimony regarding causation.[2]

Conclusory statements made by an expert witness are insufficient to support summary judgment. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). An expert opinion that a plaintiff suffered no damages or legal injury as a result of professional representation, without stating the basis or reasoning behind the opinion, is wholly conclusory, rendering the expert opinion incompetent to support summary judgment as a matter of law. *Id.* Further, if the meaning of an expert witness' statement in an affidavit is unclear with respect to the issue of in-fact causation of injury, the expert testimony does not meet the express requirement of TEX.R.CIV.P. 166a(c) that expert opinion evidence be "clear" in order to support a summary judgment. *Cloys v. Turbin,* 608 S.W.2d 697, 701 (Tex.Civ.App.—Dallas 1980, no writ).

---

1. Appellant has specifically attacked the sufficiency of the summary judgment evidence regarding appellees' compliance with the applicable standard of care.

2. I also note that Dr. Stroehlein's affidavit only addresses the causation of Mrs. Burgess' *death.* Appellants allege, under the survival cause of action, that Mrs. Burgess suffered damages *before her death* as a result of appellees' negligence, including physical pain, mental anguish, and emotional distress. Appellees presented *no* summary judgment evidence negating causation of pre-death injuries.

The majority opinion in the present case cites the *White* and *Wheeler* cases in support of the conclusion that Dr. Stroehlein's affidavit is sufficient to sustain summary judgment based on lack of causation. However, *White* and *Wheeler* are distinguishable by the nature of the affidavits involved; in each case, the affiant doctor set out in detail the relevant medical history and treatment of the plaintiff patient. *White v. Wah*, 789 S.W.2d 312, 317 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 216 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Because appellees did not negate the causation element of appellants' cause of action as a matter of law, we should address the other points of error to determine if appellees' other ground for summary judgment was established as a matter of law. The majority has declined to address the merits of appellants' other points of error, and I therefore also decline to do so.

O'CONNOR, J., joins this dissenting opinion.