**Opinion issued January 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01163-CV

————————————

**FEROZE ABDULLAH, Appellant**

**V.**

**AMREIT SPF SHADOW CREEK, LP, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 67163**

---

## MEMORANDUM OPINION

Appellee Amreit SPF Shadow Creek, LP sued appellant Feroze Abdullah for breach of a commercial real estate lease. Both parties moved for summary judgment. The trial court entered judgment in favor of Amreit. Abdullah's subsequent motion for new trial was denied. In a single appellate issue, Abdullah

claims that the trial court erred in entering judgment in favor of Amreit and in denying his motion for new trial. He contends that he did not receive notice of Amreit's motion for summary judgment at least twenty-one days prior to the hearing as required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a(c). Because error was not preserved in the trial court, we affirm.

## Background

Amreit and Abdullah entered into a lease of commercial premises. Amreit sued Abdullah for breach of contract to recover money owed under the lease agreement. Abdullah moved for partial summary judgment, and a hearing on the motion was scheduled for September 11, 2012. On August 13, 2012, Amreit responded and filed its own motion for summary judgment. The hearing on Amreit's motion was also scheduled for September 11, 2012. Amreit mailed a copy of the motion and its response to Abdullah by certified mail and regular mail on August 9, 2012.

The letter carrier attempted to deliver the certified envelope on August 11 and left a notice of attempted delivery. The certified article was never claimed and was eventually returned to Amreit. On September 5, Amreit mailed further copies of its motion and response to Abdullah by both certified and regular mail. Abdullah received this second piece of certified mail on September 7.

Abdullah appeared at the September 11 hearing and argued the merits of his case. The court denied Abdullah's motion for summary judgment and granted Amreit's, entering judgment in its favor on September 18. Abdullah filed a motion for new trial, which the trial court denied. Abdullah next filed a motion for reconsideration of the order denying new trial. The trial court had not ruled on this motion when, two days later, Abdullah filed a notice of appeal.

**Analysis**

In his sole appellate issue, Abdullah argues that he did not receive notice of Amreit's motion for summary judgment at least twenty-one days prior to the hearing thereon as required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a(c).

"An allegation that a party received less notice than required by statute does not present a jurisdictional question, and, therefore, may not be raised for the first time on appeal." *White v. Wah*, 789 S.W.2d 312, 319 (Tex. App.—Houston [1st Dist.] 1990, no writ) (citing *Davis v. Davis*, 734 S.W.2d 707, 712 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.)); *see also Delta (Del.) Petroleum & Energy Corp. v. Hous. Fishing Tools Co.*, 670 S.W.2d 295, 296 (Tex. App.—Houston [1st Dist.] 1983, no writ) ("Although an appellant's contention that he was given no notice of a summary judgment hearing would place in question the

court's jurisdiction to hear the motion, an allegation that a party received less notice than required by statute does not present a jurisdictional question . . . .").

"[B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). "If an appellant receives notice, appears at the summary judgment hearing, and does not file an affidavit as required by Rule 166a(f), he waives the 21–day notice requirement." *White*, 789 S.W.2d at 319 (citing *Hudenburg v. Neff*, 643 S.W.2d 517, 518 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)); *see also Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at *2 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) ("To preserve error, a nonmovant, who receives notice that is untimely but sufficient to enable the nonmovant to attend the summary judgment hearing, must file a motion for continuance or raise the late-notice complaint in writing, supported by affidavit evidence."). "A nonmovant may not preserve a complaint that he received late notice in a post-trial motion." *Hatler*, 2010 WL 375807, at *2.

Abdullah received actual notice of Amreit's motion for summary judgment four days before the hearing. He appeared at the hearing and did not object in writing to the tardy notification or file a motion for continuance. Therefore, he

4

waived any challenge for lack of timely notice. *See id.*; *White*, 789 S.W.2d at 319.

For this reason, Abdullah's issue is overruled

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.